## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

**10 JUL -6 PM 12: 38**

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| BRANDT INDUSTRIES LTD.<br>13th Avenue & Pinkie Rd. P.O. Box 317<br>Regina, Saskatchewan S4P 3A1<br>Canada | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) |
| PITONYAK MACHINERY<br>CORPORATION<br>1220 East Durkee Street<br>Carlisle, AR 72024 | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

CASE NO: _____

# 1 : 10-cv- 085 7-TWP -DML

JUDGE _____

---

### COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

---

Plaintiff Brandt Industries, Ltd. ("Brandt"), by and through counsel, states the following

in support of its Complaint against Defendant Pitonyak Machinery Corporation ("PMC").

### NATURE OF THE ACTION

1.      This is an action brought under the trademark laws of the U.S., including the

Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; Rule 57 of the Federal Rules of Civil Procedure; and the

Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for the purpose of determining

questions of actual controversy between the parties, as described herein.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§

1331 (federal question jurisdiction); 1338 (civil action arising under any Act of Congress relating

to trademarks); and 1367 (supplemental jurisdiction).

778645.2

3.     This Court has personal jurisdiction over Defendant PMC because PMC transacts business within this state and in this judicial district, and Brandt's causes of action arise in part from PMC's transactions within this state.

4.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)-(c).

## THE PARTIES

5.     Plaintiff Brandt is a corporation organized and existing under the laws of Canada, with a principal place of business at the address reflected in the caption of the Complaint.

6.     Upon information and belief, Defendant PMC is a corporation organized and existing under the laws of Arkansas, with a principal place of business at the address reflected in the caption of the Complaint.

## FACTUAL BACKGROUND

7.     Neither PMC nor Brandt owns a U.S. trademark registration for use of the mark BRANDT in connection with agricultural equipment.

8.     Ownership of trademark rights in the United States is not acquired solely by federal registration.  In the absence of registration, trademark rights may arise under U.S. law in a given geographic territory based on actual use of a mark on or in connection with specific goods and/or services.

9.     Under the "natural expansion doctrine," trademark rights in a given territory extend to the specific goods and/or services in connection with which a mark has been used as well as to uses on or in connection with goods and/or services reasonably related thereto within a natural zone of expansion.

## A.   BRANDT AND ITS BRANDT MARK

10.   Brandt is a Canadian company that has continuously operated under the BRANDT name and used the trademark BRANDT (the "BRANDT Mark") in Canada since at least as early as the 1930s.

11.   Brandt owns several operating subsidiaries, including Brandt Agricultural Products Ltd.; Brandt Engineered Products, Ltd.; Brandt Equipment Solutions, Ltd.; Brandt Road Rail Corporation; and Brandt Tractor Ltd.

12.   Brandt and its wholly own subsidiaries use the BRANDT Mark on a wide range of agricultural equipment, including grain handling equipment, spraying equipment, light duty tillage equipment, and livestock feeding and processing equipment.

13.   Brandt and its wholly-owned subsidiaries also use the BRANDT Mark in connection with custom manufacturing and fabrication services in a variety of fields.

14.   Brandt markets and distributes its products and services under the BRANDT Mark through an extensive dealer network in Canada, Europe, Australia, Asia, and the U.S.

15.   Brandt has continuously sold agricultural equipment in the U.S. under its BRANDT Mark since at least as early as 1973.

16.   By 1980, Brandt's U.S. distribution of agricultural equipment bearing the BRANDT Mark had increased substantially through an extensive dealer network spanning as far West as Washington and Oregon, as far East as New York and Pennsylvania, and as far South as Texas.

17.   In 1998, Brandt launched its web site, available at http://www.brandt.ca, on which it identified its distribution network throughout Canada, Europe, Australia, and the U.S.

18.     Brandt has extensively advertised its agricultural equipment and related services since 1978 in publications with circulation throughout the U.S.

19.     Brandt currently has over 240 dealers located in 25 U.S. states, including Indiana, and has customers in at least 14 other U.S. States.

20.     Brandt's U.S. sales of agricultural equipment bearing the BRANDT Mark have been substantial; since the 1970s, Brandt's U.S. sales have been in the hundreds of millions of dollars.

21.     Through its longstanding use on and in connection with agricultural equipment and related services in the U.S., the BRANDT Mark has acquired great distinctiveness, secondary meaning, and extensive goodwill, and is well-known and recognized by consumers and the trade as a source identifier for Brandt's agricultural equipment.

**B.**     **PMC'S AND ITS PREDECESSORS' USE OF "BRANDT"**

22.     On information and belief, the name "Brandt" was used as a trade name by a family-owned business in Carlisle, Arkansas.

23.     On information and belief, this usage of "Brandt" commenced in 1913 when Edward Ellsworth Brandt began an equipment tooling business known as "E.E. Brandt," and ended when his grandson, Edward O. Brandt, entered into an Asset Purchase and Sales Agreement ("APS Agreement") with PMC in November 2002 (hereinafter the series of businesses owned by the Brandt family shall be referred to collectively as the "Brandt Family Businesses").

24.     On information and belief, at some undetermined date, one or more of the Brandt Family Businesses began affixing the "Brandt" name to agricultural equipment manufactured and sold by the Brandt Family Businesses.

25.     On information and belief, all or substantially all of the Brandt Family Businesses' sales occurred in or around Carlisle, Arkansas.

26.     On information and belief, the Brandt Family Businesses advertised exclusively in or around Carlisle, Arkansas.

27.     On information and belief, PMC founder and owner Thomas Eddie Pitonyak was raised on a farm in or around Carlisle, Arkansas.

28.     On information and belief, in November 2002, PMC entered into the APS Agreement with Brandt Mfg. Co. Inc., Brandt Inc. formerly known as Brandt Machine Works Inc., and Edward O. Brandt.

29.     On information and belief, after execution of the APS Agreement, PMC began distributing agricultural equipment bearing the designations "Brandt," "BrandtPMC," or "Brandt A Division of PMC Pitonyak Machinery Corporation."

30.     On information and belief, after execution of the APS Agreement in 2002, PMC began to expand the geographic scope of its marketing and sale of goods bearing the mark BRANDT.

31.     On information and belief, substantial irregularities exist in the purported chain of title for the BRANDT designation and mark as used in connection with agricultural equipment among the Brandt Family Businesses, thereby defeating PMC's ability to claim priority rights that pre-date Brandt's rights in its BRANDT Mark.

32.     On information and belief, PMC's predecessors-in-interest did not use the mark BRANDT as a trademark on agricultural equipment continuously.  Such periods of non-use foreclose PMC from relying on its predecessors' use to establish priority over Brandt's use of the BRANDT Mark.

33.     On information and belief, the APS Agreement between PMC and the Brandt Family Businesses was insufficient to properly transfer all right, title, and interest the Brandt Family Businesses may have possessed in the trademark BRANDT for agricultural equipment. Consequently, PMC cannot claim priority based on any rights the Brandt Family Businesses may have possessed.

34.     On information and belief, the APS Agreement constitutes an improper assignment in gross with respect to the purported BRANDT trademark and is void *ab initio*, thereby foreclosing PMC's ability to rely on any alleged priority of use by the Brandt Family Businesses.

## C.     THE PARTIES' HISTORY WITH THE USPTO

35.     On November 2, 2001, Brandt filed with the United States Patent and Trademark Office ("USPTO") Application Serial No. 76/333,303 under Section 1(b) of the Lanham Act, seeking registration of the mark BRANDT & Design for various goods and services, including the following:  "Grain handling equipment, namely augers, conveyors and grain vacuums; spraying equipment, namely pulltype and three point sprayers; light duty tillage equipment, namely harrows; livestock feeding and processing equipment, namely bale processors" (the "'303 Application").

36.     On December 2, 2002, counsel for PMC sent Brandt a demand letter objecting to the '303 Application.

37.     Two days later, PMC filed with the USPTO Application Serial No. 76/472,384 under Section 1(a) of the Lanham Act, seeking registration of the mark BRANDT for use with various agricultural equipment (the "'384 Application").  Prosecution of the '384 Application was suspended in August 2003, and remains suspended.

778645.2                                                        6

38.     On February 6, 2003, Brandt filed with the USPTO Application Serial No. 78/211,667 under Section 1(a) of the Lanham Act, seeking registration of the mark BRANDT for use with goods and services in International Classes 7, 12, and 40 (the "'667 Application"), including the following: "Grain handling equipment, namely, augers, conveyors and grain vacuums; spraying equipment, namely, pull-type and three point sprayers; light duty tillage equipment, namely, harrows; livestock feeding and processing equipment, namely, bale processors." The '667 Application identified 1973 as the date of first use for these goods.

39.     PMC filed with the USPTO Trademark Trial and Appeal Board ("TTAB") a Notice of Opposition to the '303 Application, which Brandt answered on October 3, 2003. Brandt's answer included an express statement that it had used the opposed mark on at least some of the goods identified in the '303 Application.

40.     PMC also opposed registration of the '667 Application, and on April 5, 2010, the TTAB sustained in part and refused in part PMC's opposition to Brandt's application to register BRANDT. PMC has requested reconsideration of that ruling, and both the request for reconsideration and the opposition remain pending.

**D.     PMC'S THREATENED LEGAL ACTION**

41.     On June 16, 2010, PMC, through its attorneys, sent a letter to Brandt's counsel demanding that Brandt cease and desist use of the mark BRANDT in connection with a specific piece of agricultural equipment, namely, grain carts.

42.     In that letter, PMC's counsel threatened Brandt with legal action, stating that if Brandt did not comply with the demands stated therein, he would "strongly recommend that our client pursue a legal remedy." PMC's counsel also intimated that PMC would seek treble damages and attorney's fees.

778645.2                                    7

43.     Therefore, Brandt has a reasonable apprehension that PMC may institute legal action against Brandt, and thus this actual federal trademark infringement controversy is ripe for adjudication by this Court.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT

44.     Brandt  incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 43.

45.     PMC has alleged that Brandt's sale or offer for sale of agricultural equipment in U.S. commerce violates PMC's trademark rights.

46.     Brandt's use of the BRANDT Mark on or in connection with agricultural equipment pre-dates PMC's use of BRANDT in all or substantially all of the U.S.

47.     Because Brandt has priority trademark rights, its use of its BRANDT Mark does not infringe upon any trademark rights PMC may own.

48.     Brandt's use of the BRANDT Mark on or in connection with grain carts is a natural expansion of Brandt's priority use of the BRANDT Mark in connection with highly related agricultural equipment, including but not limited to other grain handling and livestock feeding equipment that Brandt has sold in U.S. commerce for over thirty-five years.

49.     Accordingly, Brandt is entitled to a Declaratory Judgment of Non-Infringement with respect to its manufacture and sale of agriculture equipment bearing the BRANDT Mark in all geographic territories in which it has priority.

## COUNT II
## DECLARATION OF PRIORITY

50.     Brandt incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 49.

51.     For over thirty-five years, Brandt has continuously used the BRANDT Mark on or in connection with the sale of agricultural equipment in a substantial part of the United States, spanning the Northern border of the United States from Washington to New York, and reaching as far South as Texas.

52.     Since at least 1998, Brandt has advertised products bearing the BRANDT Mark on its web site, http://www.brandt.ca, on which it explicitly identifies its extensive U.S. dealer network.

53.     Brandt has also extensively advertised its agricultural equipment under its BRANDT Mark in trade publications with national circulation, and has sold agricultural equipment to customers in over 30 states.

54.     By virtue of these activities, Brandt has established priority rights in the BRANDT Mark in connection with agricultural equipment in all or substantially all of the United States.

55.     On information and belief, substantial irregularities exist in the purported chain of title for the BRANDT designation and mark as used by PMC, thereby defeating PMC's ability to claim priority rights that pre-date Brandt's rights in its BRANDT Mark.

56.     On information and belief, the APS Agreement constitutes and improper assignment in gross with respect to the purported BRANDT trademark and is void *ab initio*, thereby foreclosing PMC's ability to rely on any alleged priority of use by the Brandt Family Businesses.

57.     Accordingly, Brandt is entitled to a Declaratory Judgment of priority trademark rights in the BRANDT Mark.

## COUNT III
## DECLARATION OF ESTOPPEL BY LACHES

58.     Brandt incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 57.

59.     Even if PMC can establish priority trademark rights to the trademark BRANDT in certain insular geographic regions of the U.S., any claim of infringement is foreclosed by the doctrine of estoppel by laches.

60.     Given Brandt's extensive and longstanding use of the BRANDT Mark, PMC is chargeable with such knowledge as it or its predecessors may have obtained by exercising their duty of inquiry.

61.     PMC and its predecessors knew or should have known of Brandt's use of the Brandt Mark, given Brandt's widespread use of the BRANDT Mark for over thirty-five years in a substantial part of the United States, and its nationwide advertisement of agricultural equipment bearing the BRANDT mark.

62.     By virtue of Brandt's prominent advertisement of agricultural equipment bearing the BRANDT mark in U.S. trade publications, at trade shows, and through Brandt's internet web site, PMC and its predecessors have had constructive knowledge of Brandt's usage of the BRANDT Mark in the United States since at least as early as 1998, when Brandt launched its web site advertising its sales in the United States, or as early as 2001, when Brandt filed the '303 Application.

63.     PMC has had actual knowledge of Brandt since at least as early as 2002, when PMC objected to Brandt's filing of the '303 Application, and has had actual knowledge of Brandt's usage of the BRANDT Mark in the United States in connection with agricultural

equipment since at least as early as 2003, when Brandt acknowledged such use in its Answer to PMC's Notice of Opposition to the '303 Application.

64.     PMC and its predecessors have not diligently enforced their alleged rights in the BRANDT name and mark.

65.     Brandt's longstanding use of the BRANDT Mark in U.S. commerce was undertaken in good faith and without actual or constructive knowledge of any purported rights of the Brandt Family Businesses or PMC in the limited geographic areas in which they may have used the BRANDT name and mark.

66.     For over thirty-five years, Brandt has continuously invested substantial time and money developing and cultivating considerable brand recognition and good will for its BRANDT Mark in the United States among the trade and consuming public in connection with agricultural equipment.

67.     Should the Court refuse the relief Brandt seeks herein, Brandt will suffer substantial prejudice and harm as a result of PMC's and its predecessor's delay.

68.     Because of PMC's substantial and harmful delay in objecting to Brandt's use of its BRANDT Mark in U.S. commerce, any claims by PMC regarding Brandt's use of the BRANDT Mark in connection with agricultural equipment should be barred under the doctrine of estoppel by laches.

69.     Given PMC's and its predecessor's substantial delay in objecting to Brandt's use of the BRANDT Mark, Brandt is entitled to a presumption of estoppel by laches.

70.     Accordingly, Brandt is entitled to a Declaratory Judgment that estoppel by laches bars any claims by PMC with respect to Brandt's use of the BRANDT Mark.

**COUNT IV**
**TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE**
**DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

71.     Brandt incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 70.

72.     PMC's unauthorized use in commerce of the mark BRANDT in geographic areas in which Brandt has priority of rights in connection with its sale and offer for sale of agricultural equipment is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of PMC's goods and services with Brandt or the goods Brandt offers under its BRANDT Mark, and is likely to cause consumers to mistakenly believe that PMC's goods have been authorized, sponsored, approved, endorsed, or licensed by Brandt.

73.     PMC's acts, as alleged herein, constitute infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.     By reason of PMC's actions, Brandt has suffered irreparable harm to its valuable trademark and the goodwill associated therewith.  Brandt has been, and unless PMC is restrained from its actions, will continue to be irreparably harmed.

75.     As a direct and proximate result of PMC's conduct, Brandt has suffered and will continue to suffer damages in an amount to be proved at trial.

WHEREFORE, Brandt respectfully requests the following relief:

A.     A judgment by the Court declaring that Brandt's manufacture, advertisement, and sale of agricultural equipment does not violate PMC's trademark rights, including but not limited to any rights PMC may assert under the Federal Lanham Act or common law;

778645.2

12

B.      A judgment by the Court declaring that Brandt has priority trademark rights in and to its BRANDT mark in connection with its manufacture, advertisement, and sale of agricultural equipment throughout the United States, except where PMC has established priority through trademark use of BRANDT;

C.      A judgment by the Court declaring that estoppel by laches bars PMC from asserting trademark rights against Brandt in Arkansas or any other geographic area in which it can prove priority, and an injunction prohibiting PMC from taking any action against Brandt concerning its use of the trademark BRANDT in connection with the sale of agricultural equipment;

D.      That PMC, its affiliates, dealers, officers, directors, agents, representatives, attorneys, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or participation therewith, be permanently enjoined from using the mark BRANDT or any confusingly similar mark or colorable imitation thereof in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation, or distribution of any goods or services offered by PMC in any geographic territory in which Brandt has priority;

E.      For an award of damages;

F.      For an award of Brandt's attorney's fees, costs, and disbursements in this action as allowed by law or equity; and

G.      Any other additional relief as the Court deems just and proper.

Date:   July 6, 2010

Respectfully submitted,

Carrie A. Shufflebarger, Esq. (Ohio Bar No. 81141)
Thompson Hine LLC
312 Walnut Street
Fourteenth Floor
Cincinnati, Ohio 45202
(513) 352-6678
(513) 241.4771 (facsimile)
carrie.shufflebarger@thompsonhine.com