# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| **BRANDT INDUSTRIES, LTD.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:10-cv-0857-TWP-DML** |
| **vs.** | ) | |
| | ) | |
| **PITONYAK MACHINERY** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | | |

## ENTRY ON DEFENDANT'S MOTION TO TRANSFER VENUE

Neither Brandt Industries, Ltd. ("Plaintiff" or "Brandt Industries") nor Pitonyak Machinery Corporation ("Defendant" or "Pitonyak") owns a U.S. trademark registration for use of the BRANDT mark in connection with agricultural equipment. Compl. ¶ 7.  Brandt Industries sued Pitonyak in this Court, seeking to establish trademark rights based on actual use of the BRANDT mark on agricultural equipment in a given geographic territory. *Id.* ¶ 8; *see AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 615 (7th Cir. 1993) ("The linchpin of both common law and federal statutory trademark infringement claims is whether consumers in the relevant market confuse the alleged infringer's mark with the complainant's mark.").  Given the nature of Brandt Industries' claim, it is understandable why it chose Indiana as its forum as opposed to Arkansas, where the "Brandt" name was, and perhaps still is, associated with a family-owned business that Pitonyak purchased in 2002. Compl. ¶ 22-23.   It also comes as no surprise that Pitonyak filed the pending Motion to Transfer [Dkt. 13] this case to Arkansas.

When considering a motion to transfer under 28 U.S.C. § 1404(a), the Court balances the convenience of the parties, the convenience of the witnesses, and the interest of justice. *State*

*Farm Mut. Auto. Ins. Co. v. Estate of Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996).

"Although . . . the trial judge is limited to these] three factors, . . . they] are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 n.3 (7th Cir. 1986). "[U]nless the balance is so strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

Here, the Court concludes that the relevant factors weigh against transfer for three reasons. First, several of Pitonyak's identified witnesses are party-witnesses or closely affiliated non-party witnesses whose presence in Indiana can be secured by Pitonyak. *See, e.g.*, *Volkswagen Aktiengesellschaft v. West Coast Metric, Inc.*, No. 1:02-CV-1671, 2004 WL 392942, at *2 (S.D. Ind. Feb. 12, 2004) (Hamilton, J.) ("The court . . . can assume that each party would probably be able to secure the presence of its allies or affiliates for trial in what ends up being the more distant venue for one of the parties."). Accordingly, neither Pitonyak nor its witnesses will be unduly inconvenienced by the Indiana forum. Second, given the nature of Brandt Industries' claim, the "situs of material events" is quite broad in that it encompasses the entire geographic territory in which Brandt Industries intends on proving its purported common law trademark rights in the BRANDT mark. Therefore, there is no indication that evidence in Arkansas will prove dispositive on the issues before the Court. Third, the Court is persuaded that the interest of justice clearly weighs in favor of denying Pitonyak's Motion to Transfer. *See American Commercial Lines, LLC v. Northeast Maritime Institute, Inc.*, 588 F. Supp.2d 935, 947 (S.D. Ind. 2008) ("Some courts have even stated that the interest of justice 'outweighs all other factors.'") (quoting *Coffey*, 796 F.2d at 220-21). Specifically, the Court notes the likelihood that

jurors in Arkansas will be more familiar with BRANDT vis-à-vis Pitonyak than jurors in Indiana. *See Coffey*, 796 F.2d at 221 n.4 (indicating that jurors' potential biases are a relevant consideration in the interest of justice analysis).

Pitonyak has failed to meet its burden of establishing, by reference to relevant circumstances, that the transfer forum is more clearly convenient. In its discretion, taking into account the convenience to the parties and witnesses, as well as the interests of justice, the Court finds that Plaintiff's choice of forum should not be disturbed. Accordingly, Defendant's Motion to Transfer [Dkt. No. 13] is **DENIED**.

SO ORDERED: 02/11/2011


Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana


Copies to:

**Carrie A. Shufflebarger**
THOMPSON HINE LLP
Carrie.Shufflebarger@ThompsonHine.com

**Aaron M. Staser**
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

**Paul B. Hunt**
BARNES & THORNBURG LLP
paul.hunt@btlaw.com