UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDT INDUSTRIES LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:10-cv-00857-TWP-DML |
| ) | |
| PITONYAK MACHINERY CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PITONYAK MACHINERY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRANDT INDUSTRIES LTD, ) | |
| BRANDT AGRICULTURAL PRODUCTS ) | |
| LTD, ) | |
| ) | |
| Defendants. ) | |

## Order on Motion to Compel Production of Unredacted Document

This matter is before the court for resolution of this discovery dispute: Whether defendant Pitonyak Machinery Corporation ("PMC") may withhold from production those portions of an Asset Purchase and Sales Agreement that reveal the purchase price PMC paid to acquire the assets of certain businesses, as explained more fully below. On August 16, 2011, the parties appeared before the court for a discovery conference and oral argument on three discovery disputes, and the court permitted the parties to file briefs in support of their arguments by August 23, 2011. Between the hearing and the due date for filing briefs, the parties resolved two of their disputes, but the one described above remains.

This case is a consolidation of two lawsuits, in which each side (Brandt Industries, Inc. and an affiliated company (together, "BIL"), on one side, and PMC, on the other side) brings claims against the other for violation of the Lanham Act, 15 U.S.C. § 1125(a), and common law trademark infringement, based on the other's use of the word BRANDT on or in connection with the sale and marketing of certain agricultural equipment in all or certain geographic areas of the United States. Each alleges that the other unlawfully trades on its goodwill and misleads and confuses the public regarding the true origin of the goods. Each side seeks a judicial declaration of its own priority rights in the mark—at least within certain geographic areas—and damages for the other's use of the mark in a manner confusing and deceiving to the public about the origin of goods and services bearing the BRANDT name.

Defendant PMC traces its rights to the BRANDT mark through its purchase of the mark as part of a 2002 Asset Purchase and Sales Agreement ("APA") under which PMC bought a series of businesses owned by a Brandt family, including businesses that manufactured and sold agricultural equipment using the BRANDT name. The Brandt family businesses operated at one time mostly in or around Carlisle, Arkansas, and the parties dispute the geographic extent to which any priority PMC has in the BRANDT mark reaches beyond the Carlisle area.

PMC has produced to BIL a copy of the 2002 APA but it is redacted to hide information relating to the purchase price. BIL wants an unredacted copy. PMC argues that the information related to purchase price is not relevant and would be used by BIL for an improper purpose—as information (about PMC's wealth or lack thereof, apparently) that it could exploit in settlement negotiations. BIL argues that purchase price is relevant to damages claims by PMC.

Rule 26(b)(1) allows parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense," including information that is not itself admissible but

"is reasonably calculated to lead to the discovery of admissible evidence." The rules of evidence allow for the admission of all relevant evidence (subject to specific exceptions) and define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 and 402. Relevant nonprivileged information need not be produced if the court finds that the burden or expense of its production outweighs its likely benefit to resolution of the case on its merits, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the case, and the importance of the requested discovery to those issues. Rule 26(b)(2)(C).

The court finds that the purchase price information is relevant to claims or defenses in the case. The value that PMC and the Brandt family determined the Brandt family businesses were worth in total could shed light on the value of various components of the assets that were purchased, including intangible assets such as goodwill generated by the businesses' use and promotion of the BRANDT name. PMC is seeking damages in this case based, at least in part, on BIL's injury to PMC's "business, reputation and goodwill." *See* Case No. 1:11-cv-00233, Dkt. 1, ¶¶ 9-10. The court can imagine deposition questions to parties to the APA about the factors that influenced the purchase price including the manner in which assets were valued, which could lead to discovery regarding the value of the goodwill; knowledge of the total price paid would be important to that line of questioning. Further, a valuation expert may be able to compare purchases and sales of similar companies and opine whether the price for the Brandt family businesses, including its BRANDT name, is at a high or at a low range. A price at the low end of a range may, for example, provide fodder for testing any damages figure that PMC assigns to BIL's injury to PMC's goodwill, or may provide grist for cross-examining any PMC

witnesses regarding the strength of the Brandt family businesses' reputation for quality exemplified by the BRANDT mark. A "low" price may also suggest that goodwill generated by the BRANDT name as part of the Brandt family businesses did not have as broad a reach geographically (or otherwise) as PMC may claim that it did.[1]

PMC has not argued that the production of the redacted sections of the APA relating to purchase price is a burdensome or expensive endeavor, or otherwise provided a counterweight to the relevance of the information sufficient for withholding it.[2] PMC fears the information will be misused in a way that has nothing to do with determination of the value of the mark or damages. It believes that BIL will use the information "as leverage" during settlement, citing to a letter from BIL's counsel that the purchase price was relevant to claims or defenses, "as well as any settlement of the case." The court does not read this statement as necessarily suggesting a nefarious, exploitive use of the information; the sentence reasonably may be read to mean that the information's relevance to PMC's damages makes it relevant to the parties' assessment of PMC's potential recovery for purposes of evaluating settlement offers and demands. Further, PMC's fear of an exploitive use of the information is tempered by the fact that the sale occurred

---

[1] The court is not suggesting that the purchase price will eventually lead to evidence admissible for these purposes, but provides these examples to illustrate the relative ease of articulating ways in which price could be relevant.

[2] Contrary to BIL's argument, this court's ruling in *Cummins v. ACE American Insurance Co.,* 2011 WL 130158 at *12 (S.D. Ind. Jan. 14, 2011), does not stand for the proposition that a party may not redact information from a document that is relevant in some respects. The redacted loss reserves information in *Cummins* was relevant and not privileged. Because of the low level of relevance of the information, the court did not require the producing party to search out and produce all documents regarding loss reserves, but it also did not permit the producing party to hide the information in documents that were otherwise being produced. Neither does Magistrate Judge Rodovich's opinion in *Levy Indiana Slag Co. v. International Union of Operating Engineers,* 2006 WL 2224201 (N.D. Ind. Aug. 1, 2006), support the contention that irrelevant (or otherwise sensitive) information cannot be redacted from documents that also contain relevant information. 2006 WL 2224201 at *2. *See also CSC Holdings, Inc. v. Redisi,* 309 F.3d 988, 996 (7th Cir. 2002) (discussing redacting "unnecessary" information from documents that are otherwise relevant).

nine years ago—it seems difficult for a party to correlate money spent nine years ago with a party's current financial situation.

## Conclusion

For the foregoing reasons, the court finds that the purchase price information in the Asset Purchase and Sales Agreement is relevant and no counterweights to relevance counsel against its production. PMC must produce, within seven days of this entry, an unredacted version of the Agreement.

So ORDERED.

Date: __08/31/2011__

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Daniel T. Earle
SHELSINGER ARKWRIGHT & GARVEY, LLP
danearle@sagllp.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

James E. Shlesinger
SHLESINGER ARKWRIGHT & GARVEY, LLP
jim@sagllp.com

Carrie A. Shufflebarger
THOMPSON HINE LLP
Carrie.Shufflebarger@ThompsonHine.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com