**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRANDT INDUSTRIES, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PITONYAK MACHINERY CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | CASE NO. 1:10-cv-0857-TWP-DML |
| ) | |
| PITONYAK MACHINERY CORPORATION, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRANDT INDUSTRIES, LTD., and BRANDT ) | |
| AGRICULTURAL PRODUCTS, LTD., ) | |
| ) | |
| Counter-Defendants. ) | |

**ENTRY ON PMC'S OBJECTION TO MAGISTRATE JUDGE'S ORDER TO
DOWNGRADE CONFIDENTIALITY DESIGNATION**

This matter is before the Court on PMC's objection to the Magistrate Judge's Order to Downgrade Confidentiality Designation (Dkt. 91). On April 4, 2012, Magistrate Judge Lynch ("Magistrate Judge") ordered a document entitled "Asset Purchase and Sale Agreement," ("the Agreement"), downgraded to "Confidential" at the request of Brandt Industries, Ltd ("BIL"). *See* Dkt. 89. The Agreement had been produced by Pitonyak Machinery Corporation ("PMC") as "Attorneys' Eyes Only" under the Stipulated Protective Order (Dkt. 40). PMC now objects to the Magistrate Judge's re-designation of the Agreement arguing that the Magistrate Judge's order "ignores the governing Protective Order and…authorizes the use of highly confidential

1

information based on BIL's explicit premise of using the information for what the Magistrate Judge characterizes as illegitimate purposes." Dkt. 91 at 4. For the following reasons set forth below, the Court affirms the Magistrate Judge's order to re-designate the Agreement to "Confidential" under the Protective Order.

## BACKGROUND

The parties submitted the Stipulated Protective Order to the Court, which the Court subsequently entered to govern the protection of confidential material during the discovery process. Specifically, the Protective Order provides for two tiers of confidentiality treatment:

> **"Confidential Information"** means any information that is "nonpublic, personal, private, proprietary and/or confidential information, the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the designating party to have the potential for causing harm or giving a competitive advantage to others and is not designated as Attorneys' Eyes Only Information (as defined in the following paragraph).
>
> **"Attorneys Eyes Only Information"** means any information that is confidential, proprietary business information or highly sensitive non-public information, the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the designating party to have the potential for causing harm or giving a competitive advantage to others, or is subject to restriction from disclosure by applicable law, unless disclosure thereof is limited to the persons identified in paragraph 9(B) hereof. Attorneys Eyes Only Information may include, but is not limited to, the following categories of information: (a) customers, partners or collaborators in the distribution chain including customer names, contact information sales history or account information; (b) any party's research, procedures, processes, designs, formulas, market data, plans, strategies, or market entry decisions; (c) personal information of any party's employees, officers, directors, managers, or agents including, without limitation, personal financial information and personnel information; and (d) pricing and financial information including, but not limited to, prices, rebates, discounts, sales, profits, overhead, labor rates, development and manufacturing costs, balance sheets, financial statements, accounting, financial or other business records or data, cost information, pricing agreements, supply agreements, distribution agreements, or sales representative agreements and other financial information not known to the general public.

*See* Dkt. 40 at 4.

In the course of litigation discovery, PMC produced a copy of the Agreement to BIL with the purchase price and detailed listing of the business assets redacted. In addition, PMC designated the document as "Confidential Attorneys' Eyes Only" pursuant to the Protective Order. In August 2011, BIL challenged PMC's redactions within the Agreement arguing that they were relevant. The Magistrate Judge agreed, finding that the purchase price could possibly lead to the discovery of admissible evidence, and the Court could envision use of the purchase price in deposition questioning and by a valuation expert. *See* Dkt. 64 at 4. PMC was ordered to re-produce the Agreement without the redaction to the purchase price. After the discovery period was closed, BIL moved the Court to re-designate the Agreement to "Confidential" under the terms of the Protective Order. Following a discovery conference on April 4, 2012, the Magistrate Judge ordered that the Agreement's "designation as 'attorneys eyes only' is rejected and the document shall be handled consistent with the restrictions applicable to 'confidential' documents under the protective order." Dkt. 89. PMC subsequently objected to the Magistrate Judge's order, and the order was stayed pending resolution of PMC's objection to that order.

## DISCUSSION

PMC objects to the Magistrate Judge's order re-designating the Agreement on two grounds. First, PMC argues that the Magistrate Judge erred by downgrading the Agreement to "Confidential" because the order "ignores the governing Protective Order." Dkt. 91 at 3. Second, PMC argues that the Magistrate Judge's order would subsequently authorize the Agreement's use for illegitimate purposes. *Id.* The Court disagrees.

As discussed above, PMC requests that the Court set aside the Magistrate Judge's order to downgrade the Agreement to "Confidential" in light of the Protective Order. During the outset of this litigation, PMC labeled the Agreement as "Attorneys' Eyes Only." As the

producing party, PMC has the burden to establish the confidentiality of each contested document.  *See THK Amer., Inc. v. NSK Co. Ltd.*, 157 F.R.D. 637, 647 (N.D. Ill. 1993) (noting that imposition of such a burden is not uncommon).  According to PMC, the "Attorneys' Eyes Only" designation is warranted because the Agreement contains highly sensitive financial and business information, and disclosure of such information could harm it competitively.

In the present case, PMC has not carried its burden in demonstrating that its "Attorneys' Eyes Only" designation for the Agreement is appropriate.  PMC never alleged that the sensitive information in the Agreement—the purchase price and list of certain assets—is a trade secret necessary of further protection.  As the Seventh Circuit articulated in *Union Oil of Cal. v. Leavell*, 220 F.3d 562 (7th Cir. 2000), "only general trade secrets, or information within the scope of a requirement such as Fed.R.Crim.P. 6(e)(2)…may be held in long-term confidence."  *Id.* at 568.    Instead, PMC argues that the "Attorneys Eyes Only" designation is warranted because disclosure of such information could harm PMC competitively.  *See* Dkt. 91 at 5.  However, labeling the Agreement to denote its confidential nature, by itself, in an effort keep its contents from the public, is usually not sufficient to justify long-term confidentiality.  *See Union Oil of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Many a litigant would prefer that the subject of the case-how much it agreed to pay for construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including business rivals and customers), but the tradition that litigation is open to the public is of very long standing.").

Additionally, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality."  *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002)).  Here, the Court agrees

4

with the Magistrate Judge that the information within the Agreement concerning the purchase price of assets belonging to PMC's predecessors-in-interest is likely relevant to other issues, besides just damage evaluation, such as "the geographic scope of PMC's predecessor's use of the mark and the extent of its sales." Dkt. 86 at 14:4-8. Because the Agreement contains relevant information and PMC has not set forth adequate reasons as to why the Court should treat the information as a trade secret requiring further protection, the "Attorneys' Eyes Only" designation is not appropriate.

PMC also asserts that the Magistrate Judge's order permits BIL to use the Agreement for illegitimate purposes. At the time of PMC's objection, a court ordered settlement conference was set to take place the following month, in May 2012. PMC's main concern at that time was the potential for BIL to use the information from the Agreement, such as the purchase price, to leverage a settlement agreement. Given the fact that the settlement conference has already been held and the parties are now only four and a half weeks out from their trial date, the Court finds the concerns cited by PMC are largely diminished. Moreover, the re-designation of the Agreement to "Confidential" under the Protective Order should provide adequate protection to PMC by restricting the use of information within the Agreement only to "qualified persons" who are bound by the terms of the Protective Order. *See* Dkt. 40 at 9-10. After all, the Magistrate Judge's Order does not remove all confidentiality protection from the Agreement. By re-designating the Asset Purchase and Sale Agreement to "Confidential," BIL still may not use the information from this document for any illegitimate purposes associated with any further settlement negotiations that may arise prior to trial. Under the restrictions of the Protective Order, BIL may only disclose "Confidential" information to "Qualified Persons" who are also

bound by the terms of the Protective Order. Therefore, the Court affirms the Magistrate's order re-designating the Agreement with the "Confidential" designation under the Protective Order.

## CONCLUSION

For the reasons set forth above, the Magistrate Judge's order re-designating the document entitled "Asset Purchase and Sale Agreement" with the "Confidential" designation under the Protective Order is **AFFIRMED**.  Pursuant to this Court's Entry, the Magistrate Judge's stay on Entry and Order from Discovery Conference (Dkt. 89) is lifted.

SO ORDERED:    08/27/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana


Copies to:

Daniel T. Earle
SHELSINGER ARKWRIGHT &
GARVEY, LLP
danearle@sagllp.com

Heather M. Hawkins
THOMPSON HINE LLP
heather.hawkins@thompsonhine.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

James E. Shlesinger
SHLESINGER ARKWRIGHT &
GARVEY, LLP
jim@sagllp.com

Carrie A. Shufflebarger
THOMPSON HINE LLP
Carrie.Shufflebarger@ThompsonHine.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com