UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDT INDUSTRIES, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PITONYAK MACHINERY CORPORATION, ) <br> ) <br> Defendant. ) <br> ) <br>_____) <br> ) <br> PITONYAK MACHINERY CORPORATION, ) <br> ) <br> Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRANDT INDUSTRIES, LTD., and BRANDT ) <br> AGRICULTURAL PRODUCTS, LTD., ) <br> ) <br> Counter-Defendants. ) | Case No. 1:10-cv-0857-TWP-DML |

**ENTRY ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This Court has previously ruled on Defendant Pitonyak Machinery Corporation's ("PMC") motion for summary judgment (Dkt. 105). In that Order, the Court denied granting summary judgment in favor of PMC on a declaration of priority of the BRANDT mark in all or substantially all of the United States. Additionally, the Court held that Plaintiff Brandt Industries Ltd. and Brandt Agricultural Products, Ltd. ("collectively "Brandt Industries") was "not precluded from presenting evidence as it relates to its common law rights associated with the BRANDT mark that show its priority of use of the mark with respect to certain geographic areas where it has established them." Dkt. 105 at 16.

The matter presently before the Court is Brandt Industries' Motion for Partial Summary Judgment of Priority over PMC. Brandt Industries seeks summary judgment that it has exclusive rights to use the BRANDT mark in twenty territories: Colorado, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, New York, North Dakota, Ohio, Oregon, Pennsylvania, South Dakota, Utah, Washington, Wisconsin, and Wyoming (the "Territories"). Brandt Industries asserts that there is no genuine issue of material fact as to its prior, continuous use of the BRANDT mark in connection with agricultural equipment in these twenty territories. Furthermore, Brandt Industries contends that any sales attributable to PMC involving the BRANDT mark in the Territories are not fatal to its claim because such sales were *de minimis*. PMC argues that Brandt Industries is not entitled to summary judgment because Brandt Industries has failed to meet its burden to establish common law trademark rights in the Territories at issue. For the reasons set forth below, Brandt Industries' Motion for Partial Summary Judgment (Dkt. 80) is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

A.  **Brandt Industries' and PMC's Expansion into the United States**

In 1932, Brandt Industries began operating under the name BRANDT and using the BRANDT mark in connection with agricultural equipment in Saskatchewan, Canada. Brandt Industries used the BRANDT mark on a range of agricultural equipment including grain holding equipment, spraying equipment, light duty tillage equipment, and livestock feeding and processing equipment. In the early 1970s, Brandt Industries expanded its sales of agricultural equipment into the upper Midwest of the United States from Canada. Brandt Industries' sales data shows that it first began selling agricultural equipment bearing the BRANDT mark on January 10, 1974 in North Dakota. Brandt Industries continued to expand its operations into

neighboring states throughout the United States in the decades following the 1970s.  In order to sell its agricultural equipment bearing the BRANDT mark to consumers, Brandt Industries works with distributors and dealers in various geographic areas within a given territory.

With respect to PMC, their predecessors-in-interest sold agricultural equipment bearing the BRANDT mark primarily to consumers in Arkansas and other Southern states, particularly the Mississippi Delta region of Arkansas, Louisiana, and Mississippi.  The family-owned Brandt businesses began operating, manufacturing, and selling agricultural equipment in Arkansas during the 1960s.  These family-owned businesses remained in operation through the 1970s, until approximately December 2002 when the Brandt family-owned businesses were purchased by PMC.

Brandt Industries argues that it has demonstrated irrefutable prior and continuous use of the trademark BRANDT in its sells of agricultural equipment in the Territories, based on its history of sales.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007).  In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor."  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).  However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations,

that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

### III.  DISCUSSION

Brandt Industries asserts there is no genuine issue of material fact as to the existence of its common law rights throughout each of the twenty Territories based on its prior, continuous and substantial sales in each territory. On the other hand, PMC contends that Brandt Industries cannot establish its common law trademark rights in the BRANDT mark in any of the twenty Territories because it has not provided sufficient evidence of its alleged trade areas. Alternatively, PMC argues that Brandt Industries is not entitled to summary judgment because it has not continuously used the mark in each of the Territories.

**A.     Territorial Scope of BRANDT Mark**

To begin, the Court must first determine the territorial scope of the BRANDT mark before it addresses whether Brandt Industries' use of the mark in the Territories was continuous and substantial. The territorial scope of ownership rights in an unregistered mark is not unlimited. *See Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 415-16 (1916); *see also Emergency One, Inc. v. Amer. Fire Eagle Engine Co.*, 332 F.3d 264, 268 (4th Cir. 2003). In

*Hanover Star Milling Co. v. Metcalf*, the Supreme Court explained the limited territorial scope of common law trademark rights as follows:

> Into whatever markets the use of a trademark has extended, or its meaning has become known, there will the manufacturer or trader whose trade is pirated by an infringing use be entitled to protection and redress. But this is not to say that the proprietor of a trademark…can monopolize markets that his trade has never reached….[S]ince it is the trade, and not the mark, that is to be protected, a trademark…extends to every market where the trader's goods have become known and identified by his use of the mark. But the mark, of itself, cannot travel to markets where there is no article to wear the badge and no trader to offer the article.

*Hanover*, 240 U.S. at 415-16 (internal quotations omitted). Simply stated, an entity's "common law rights are restricted to the locality where the mark is used and to the area of probable expansion."[1] *Spartan Food Sys., Inc. v. HFS Corp.*, 813 F.2d 1279, 1282 (4th Cir. 1987).

In an effort to determine the zone of natural expansion or the market penetration, the trademark owner must identify the actual areas of trade, which can be limited to a localized region or a state's boundary lines based on the circumstances. *Compare Natural Footwear Ltd. v. Hart, Schaffner & Marx*, 760 F.2d 1383, 1399 (3d Cir. 1985) (considering the market penetration of plaintiff's use of the mark on a state-by-state basis when the evidence precluded an opportunity to conduct a more meaningful analysis of the natural trading areas), *with Burger King of Fla., Inc. v. Hoots*, 403 F.2d 904, 907 (7th Cir. 1968) (affirming district court's limitation of plaintiff's exclusive right to use the mark at issue to the "Mattoon market area in Illinois"). Lastly, in determining market penetration courts consider the following relevant factors: "1) the volume of sales of the trademark product; 2) the growth trends (both positive and negative) in the area; 3) the number of persons actually purchasing the product in relation to the

---

[1] Courts have also defined the area of exclusive use as the "zone of natural expansion," in which it is the areas where the mark is actually being used as well as areas where the mark is likely to expand but has not done so yet. *See Blue Ribbon Feed v. Farmers Union Cent. Exch., Inc.*, 731 F.2d 415, 422 (7th Cir. 1984); *see also WNS Inc. v. Deck the Walls Inc.*, 4 U.S.P.Q.2d 1377, 1381-82 (N.D. Ill. 1986).

potential number of customers; and 4) the amount of product advertising in the area." *WNS*, 4 U.S.P.Q.2d 1377, 1381 (N.D. Ill. 1986) (quoting *Natural Footwear*, 760 F.2d at 1398-99); *Peaches Entm't Corp. v. Entm't Repertoire Assocs.*, 62 F.3d 690, 694 (5th Cir. 1995) ("[T]he territorial scope of a trademark…must be defined in terms of the areas from which customers are drawn, the coverage of advertising media and the nature of goods or services sold." (citation omitted)).

Brandt Industries argues that it is entitled to exclusive use of the BRANDT mark within all of the Territories because its trade areas either extend throughout the state or, alternatively, are more expansive than the state boundaries themselves. As evidence of its market area, Brandt Industries has supplied the Court with hundreds of pages of sales records and shipping records that purport to show sales of Brandt Industries' agricultural equipment from various dealers located in each of the twenty states. *See* Dkt. 100-1 (under seal); Dkt. 69-10 (under seal). However, courts are split as to whether a retail sale of marked goods in one location of a state confers senior rights to a trademark owner that extend throughout the state. *See* 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 26.28 (4th ed. 2011) (noting the split in authority amongst the different jurisdictions and listing cases). On this issue, the Seventh Circuit in *Burger King of Fla., Inc. v. Hoots*, applying Illinois law, rejected the view that trademark rights acquired in one area of a state necessarily determined rights throughout the state. *Id.* at 907. Based on the Seventh Circuit's ruling in *Burger King*, Brandt Industries' claim for common law rights on a state-by-state basis exists only if its actual area of market penetration (or zone of natural expansion) extends throughout each of the twenty states.[2]

---

[2] Brandt Industries presented a compilation of its U.S. shipping records of agricultural equipment from 1974-1999. *See* Dkt. 69-2-8 (under seal). Additionally, Brandt Industries presented a list of its annual U.S. sales figures of agricultural equipment divided by area, which included individual dealer sales from 1999-2011. *See* Dkt. 69-11-12 (under seal).

The Court finds that Brandt Industries has set forth sufficient evidence to establish its common law rights to the BRANDT mark in the states of Colorado, Idaho, Illinois, Indiana, Iowa, Kansas, Minnesota, Montana, Nebraska, North Dakota, Ohio, South Dakota, Utah, Washington, and Wisconsin.  Applying the *Natural Footwear* factors to the instant case, Brandt Industries has sufficiently demonstrated that it has garnered significant commercial reputation throughout the states (territories) mentioned above based on the number of dealers in the state, their annual sales, and their positive trend in growth.  *See WNS*, 4 U.S.P.Q.2d at 1380 ("[I]t is a basic principle of trademark law that a trademark will receive protection only for areas in which it has established a reputation."); *see also V & V Food Prods., Inc. v. Cacique Cheese Co., Inc.*, 683 F. Supp. 662, 668-69 (N.D. Ill. 1988).  In particular, Brandt Industries has identified approximately 20 dealers in Montana, 7 in Colorado, 20 in Iowa, 6 in Idaho, 16 in Illinois, 17 in Ohio, 7 in Wisconsin, 3 in Washington, 25 in South Dakota, 25 in North Dakota, 37 in Nebraska, 4 in Utah, 10 in Indiana, 10 in Kansas, and 18 in Minnesota.  Dkt. 100-1 (under seal). Importantly, the sales attributable to the dealers in these states are substantial and exhibit positive growth trends.  For example, in Montana, Brandt Industries' annual sales for the period between 1999 and 2010 have averaged over one million dollars per year.  *See* Dkt. 69-10-11 (under seal). Additionally, combined sales from Minnesota and North Dakota have averaged over four million dollars annually since 1999.  *Id.*  Beyond the volume of sales by the dealers, Brandt Industries has presented evidence of positive growth trends among the states.  *See id.*  Specifically, annual sales of Brandt Industries' products in Iowa nearly doubled when they went from approximately $387,583.15 in 1999 to $788,748.03 in 2010.  *Id.*  Similar gains in sales and growth could also be observed throughout the other Northern and Midwestern states.  *See id.*  Accordingly, the Court

7

finds that Brandt Industries' overall sales presence in the relevant states, as indicated above, demonstrates that the territorial scope of its areas of trade is state-by-state.

Brandt Industries, however, has not demonstrated the requisite market penetration in Wyoming, New York, Michigan, Pennsylvania, and Oregon so as to establish common law rights in those markets. *See V & V Food Pros.*, 683 F. Supp. at 668 (finding that the trademark owner did not have the requisite market penetration to establish common law rights throughout three whole states when it had only one customer amongst the states and low sales figures). With respect to these markets, Brandt Industries did not indicate the amount of product advertising spent in these markets or their market share in relation to its reported sales. Furthermore, Brandt Industries only identified two dealers of its products in Pennsylvania and Oregon, one dealer from New York and Michigan, and none from Wyoming. *See* Dkt. 100-1 (under seal). The absence of advertising and market share information combined with the lack of dealers located in these markets convinces the Court that Brandt Industries has not established a sufficient reputation in these areas to draw customers from throughout the state. *Natural Footwear*, 760 F.2d at 1383; *see also Archer Daniels Midland Co. v. Narula*, No. 99 C 6997, 2001 WL 804025, at *11 (N.D. Ill. July 12, 2001). Thus, Brandt Industries' motion for partial summary judgment is denied with respect to Wyoming, New York, Michigan, Pennsylvania, and Oregon.

**B.     Continuous Use of the BRANDT Mark**

Regardless of the extent of Brandt Industries' territorial scope, PMC argues that Brandt Industries has not demonstrated the requisite market penetration to establish its common law rights in the alleged Territories because their use of the BRANDT mark was not continuous. Dkt. 90 at 10. "Common law rights exist only when a party establishes that its use of the mark was 'deliberate and continuous, not sporadic, casual or transitory.'" *Specht v. Google, Inc.*, 758

8

F. Supp. 2d 570, 588 (N.D. Ill. 2010) (quoting *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1054-55 (6th Cir. 1999)).  "Determination of sufficient activity to constitute use is a factual question, in which the use must be enough so that an appropriate segment of the public mind identifies the mark as a source designator of the products or services." *Id.*; *see DSMR, LLC v. Goldberg*, No. 02 C 5203, 2004 WL 609281, at *4 (N.D. Ill. Mar. 25, 2004).

After a review of Brandt Industries' sales records and shipping information, the Court concludes that Brandt Industries has presented sufficient evidence to demonstrate that it has continually used the BRANDT mark in connection with agricultural equipment in some states; North Dakota, Montana, Nebraska, Iowa, and Minnesota.  To reiterate, in determining the common law rights in a mark, "one must win the race to the marketplace to establish the exclusive use of the mark." *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 503 (7th Cir. 1992); *see Johnny Blastoff, Inc. v. L.A. Rams Football Co.*, 188 F.3d 427, 434 (7th Cir. 1999) ("The party who first appropriates the mark through use, and, for whom the mark serves as a designation of source, acquires superior rights to it.").  Here, Brandt Industries alleges it was the first to use the BRANDT mark in these five states.[3]  PMC attempts to challenge Brandt Industries' assertion that it was first to use the mark in Nebraska and Iowa through the testimony of James Burks, a former employee of PMC's predecessors-in-interest.  Specifically, Mr. Burks testified that he recalled another former employee telling him that the company shipped equipment to Nebraska and Iowa between 1976 and 1982.  *See* Dkt. 90-1 at 25: 4-14.  However, this unspecified and unsubstantiated testimony offered by PMC does not create a genuine issue of material fact to defeat summary judgment.  *See Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 810 n.3 (7th Cir. 2005) (noting that self-serving and unauthenticated statements are

---

[3] Brandt Industries alleges its first sales dates with respect to North Dakota, Montana, Iowa, Minnesota, and Nebraska as follows: North Dakota (01/10/1974); Montana (08/29/1975); Iowa (10/06/1978); Minnesota (02/20/1979); and Nebraska (05/17/1979).

insufficient to create a genuine issue of material fact). Unlike PMC, Brandt Industries' shipping and sales records established its continuous use of the BRANDT mark in these five states, prior to PMC, since the mid to late 1970s. Accordingly, the Court finds that Brandt Industries has made sufficient continuous use of the BRANDT mark to have established common laws rights in North Dakota, Montana, Iowa, Minnesota, and Nebraska. Therefore, Brandt Industries' motion for partial summary judgment with respect to these five states is granted.

Although Brandt Industries claims to have used the BRANDT mark in connection with agricultural equipment in ten other states, there is a genuine issue of material fact as to whether its use was continuous due to significant gaps in its shipping records associated with those states between 1978 and 1999. *See V &V Food Prods.,* 683 F. Supp. at 669 ("[S]poradic sales are insufficient to establish the requisite 'continuous prior use' of a trademark necessary to create trademark rights." (citation omitted)). Brandt Industries has not met its burden to show that it "has achieved market penetration that is significant enough to pose the real likelihood of confusion among the consumers" in these particular areas. *See Lucent Info. Mgmt., Inc. v. Lucent Techs.*, 186 F.3d 311, 317 (3d Cir. 1999). Therefore, Brandt Industries' motion for partial summary judgment with respect to Illinois, South Dakota, Kansas, Wisconsin, Utah, Idaho, Colorado, Indiana, Ohio, and Washington is denied.

## IV. CONCLUSION

For the reasons set forth above, Brandt Industries' Motion for Partial Summary Judgment (Dkt. 80) is **GRANTED** in part and **DENIED** in part. Specifically, Brandt Industries' motion is granted with respect to its prior common law trademark rights in North Dakota, Montana, Iowa, Minnesota, and Nebraska, but denied with respect to its priority rights in Illinois, South Dakota,

Kansas, Wisconsin, Utah, Idaho, Colorado, Indiana, Ohio, Washington, Wyoming, New York, Michigan, Pennsylvania, and Oregon.

      SO ORDERED.   08/29/2012

                                                    Hon. Tanya Walton Pratt, Judge
                                                    United States District Court
                                                    Southern District of Indiana

DISTRIBUTION:

Daniel T. Earle
SHELSINGER ARKWRIGHT & GARVEY, LLP
danearle@sagllp.com

Heather M. Hawkins
THOMPSON HINE LLP
heather.hawkins@thompsonhine.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

James E. Shlesinger
SHLESINGER ARKWRIGHT & GARVEY, LLP
jim@sagllp.com

Carrie A. Shufflebarger
THOMPSON HINE LLP
carrie.shufflebarger@thompsonhine.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com