**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRANDT INDUSTRIES, LTD., )<br>)<br>    Plaintiff, )<br>)<br>        v. )<br>)<br>PITONYAK MACHINERY CORPORATION, )<br>)<br>    Defendant. )<br>)<br>_____ )<br>)<br>PITONYAK MACHINERY CORPORATION, )<br>)<br>    Counter-Plaintiff, )<br>)<br>        v. )<br>)<br>BRANDT INDUSTRIES, LTD., and BRANDT )<br>AGRICULTURAL PRODUCTS, LTD., )<br>)<br>    Counter-Defendants. ) | CASE NO. 1:10-cv-0857-TWP-DML |

**ENTRY ON DEFENDANT'S PENDING MOTIONS FOR RECONSIDERATION**

This matter is before the Court on Pitonyak Machinery Corporation's ("PMC") pending

motions for Reconsideration of the Court's Entry on Defendant's Motion for Summary Judgment

("Entry") (Dkt. 105).  On August 16, 2012, PMC filed its first motion for reconsideration with

respect to the Court's Entry as it relates to Count II of Brandt Industries, Ltd.'s ("Brandt

Industries") complaint.  One week later, on August 24, 2012, PMC filed a second motion for

reconsideration with respect to the Court's Entry as it relates to PMC's national trademark

registration.   For the reasons set forth below, PMC's first motion for reconsideration (Dkt. 109)

and PMC's second motion for reconsideration (Dkt. 117) are **DENIED**.

## I.  BACKGROUND

On August 8, 2012, the Court issued its Entry and denied PMC's summary judgment motion as it related to Count II of Brandt Industries' Complaint.  Specifically, with respect to Brandt Industries alleged priority rights in the BRANDT mark, the Court held that "BIL is not precluded from presenting evidence as it relates to its common law rights associated with the BRANDT mark that show its priority of use of the mark with respect to certain geographic areas where it has established them."  Dkt. 105 at 16.  Additionally, the Court denied Count III of PMC's counterclaim seeking a declaration that PMC is entitled to a national registration of the BRANDT mark in connection with agricultural equipment in accordance with its 76/472,384 Application ("the '384 Application").  At the time of the Court's ruling, the Court determined that a certification directed to the Director of the Patent and Trademark Office ("PTO") to register the BRANDT mark in accordance with the '384 Application was premature.  *See* Dkt. 105 at 20.  PMC now seeks to challenge the Court's rulings with respect to Count II of BIL's complaint and Count III of its counterclaim.  For the purposes of the Court's reconsideration of this matter, the Court incorporates by reference the undisputed facts recounted in its August 8, 2012 Entry.  Dkt. 105 at 2-6.  The Court will address each of PMC's motions in turn.

## II. LEGAL STANDARD

Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).  Accordingly, a court will entertain a motion for reconsideration only "when the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not reasoning), where a significant change in the law occurred,

or where significant new facts have been discovered." *Nerds on Call, Inc. (Ind.) v. Nerds on Call, Inc. (Cal.)*, 598 F. Supp. 2d 913, 916 (S.D. Ind. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Motions for reconsideration "essentially enable[] a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). However, a motion for reconsideration should not serve as the occasion to tender new legal theories for the first time. *Publishers*, 762 F.2d at 561. Whether to grant reconsideration is committed to the sound discretion of the court. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

### III. DISCUSSION

**A.      PMC's First Motion for Reconsideration (Dkt. 109)**

In PMC's first motion for reconsideration, they argue the Court should have fully granted PMC's motion for summary judgment on Count II of Brandt Industries' complaint. In particular, PMC argues that because BIL could have raised arguments concerning its alleged common law rights in the initial proceeding in front of the Trademark Trial and Appeal Board, it is precluded from presenting those issues in the present litigation. PMC relies on the doctrines of collateral estoppel and *res judicata* for its support. *See Alexander v. United States*, 121 F.3d 312, 314 (7th Cir. 1999) (discussing the two doctrines). However, the arguments made by PMC in its motion are essentially rehashed arguments that were previously rejected by the Court. As noted above, motions for reconsideration serve a limited function and are not vehicles to rehash previously rejected arguments. *See Caisse Nationale*, 90 F.3d at 1270 ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments…."). In its Entry, the Court rejected PMC's argument to expand BIL's concession of priority as it related to federal

3

registration to have nationwide effect against it, in light of BIL's alleged common law rights. *See Johnny Blastoff Inc. v. L.A. Rams Football Co.*, 188 F.3d 427, 435 (7th Cir. 1999); *see also* 5 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 26:31 (4th ed. 2011) (citing 15 U.S.C. § 1115(b)(5)) ("The common law rights of certain junior users who used before the senior user's registration are preserved by the Lanham Act § 33(b)(5)."). As such, the Court denied PMC's motion for summary judgment with respect to Count II of BIL's complaint as it related to seeking a declaration of priority rights for PMC in the BRANDT mark in all or substantially all of the United States. Dkt. 105 at 16. Because PMC has not suggested that the Court made a manifest error of law or presented newly discovered evidence warranting review, the Court finds no justification for reconsideration of this issue. Accordingly, the Court denies PMC's first motion for reconsideration.

**B.      PMC's Second Motion for Reconsideration (Dkt. 117)**

With respect to PMC's second motion for reconsideration, PMC argues that it is entitled to immediate registration of the BRANDT mark in connection with agricultural equipment based on the reasoning set forth in *U.S. Soil, Inc. v. Colovic*, 214 U.S.P.Q. 471, 471-72 (T.T.A.B. 1982). Specifically, PMC contends that *U.S. Soil* stands for the proposition that "a subsequent user's common law rights in certain geographic territories cannot serve as a basis to oppose a national registration where the Trademark Office has already held that the applicant has priority in the trademark, even if the opposer has sought a concurrent use registration." *See id.*; Dkt. 118 at 2. As such, PMC argues that because BIL's subsequent common law rights in the BRANDT mark cannot preclude the registration of it pending '384 Application there is nothing left for the trier of fact to determine regarding the issue of priority as it relates to its ability to federally register the BRANDT mark. PMC requests that the Court order the Director of the PTO to

dismiss Brandt Industries opposition to the '384 Application with prejudice and immediately

grant PMC's right to register the BRANDT mark pursuant to 15 U.S.C. § 1119. (Dkt. 118 at 5).

Brandt Industries, however, claims that the Court does not have the statutory authority under 15

U.S.C. § 1119 to order the Director of the PTO to dismiss its pending opposition because the

present action does not involve a "registered mark."   After reviewing the statute at issue and

relevant cases discussing the power of federal courts to cancel registered marks, the Court agrees

with Brandt Industries.

> Section 1119 states the following:
>
> In any action *involving a registered mark* the court may determine the right to
> registration, order the cancellation of registrations, in whole or in part, restore
> canceled registrations, and otherwise rectify the register with respect to the
> registrations of any party to the action.  Decrees and orders shall be certified by
> the court to the Director, who shall make appropriate entry upon the records of the
> Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119 (emphasis added).  "The term 'registered mark' means a mark registered in the

United States Patent and Trademark Office under this Chapter."  15 U.S.C. § 1127.  Based on

this statutory definition, other federal courts have concluded that a registered mark must exist

before an action "involve[es] a registered mark."  *Whitney Info. Network, Inc. v. Gagnon*, 353 F.

Supp. 2d 1208, 1211 (M.D. Fla. 2005) (dismissing defendants' counterclaim seeking the

cancelation of plaintiff's applications for registration of service marks under Section 1119 when

there was no alleged registered mark involved in the suit); *see Universal Tube & Rollform Equip.*

*Corp. v. YouTube, Inc.*, 504 F. Supp. 2d 260, 266 (N.D. Ohio 2007); *Dunn Computer Corp. v.*

*Loudcloud, Inc.*, 133 F. Supp. 2d 823, 831 (E.D. Va. 2001) ("[A claim under Section 1119] must

involve an existing 'registered mark,' not one that may come into existence in the future.").

In the present case, Count III of the counterclaim does not allege the existence of a

registered mark, and it is undisputed that PMC only has a pending application for registration

before the PTO.   A pending application for a mark is insufficient to satisfy the statutory requirement under Section 1119, which requires the action to involve a registered mark.  *See Whitney*, 353 F. Supp. 2d at 1211.  Additionally, PMC has not identified to the Court any cases or authority demonstrating a federal court's utilization of its power, under 15 U.S.C. § 1119, to order the Director to cancel a party's opposition to a pending trademark application in a dispute involving a mark which is not registered.  Importantly, "[i]n virtually every case in which a federal court has found authorization to determine the initial registerability of a mark under Section 1119, that registerability determination was tied directly to a challenge to an existing competing registration or a claim of infringement based on an existing registration."  *Johnny Blastoff Inc. v. L.A. Rams Football Co.*, 48 U.S.P.Q. 2d 1385, 1393 (W.D. Wis. 1998) *aff'd on other grounds*, 188 F.3d 427, 435 (7th Cir. 1999).   Because PMC cannot connect its counterclaim asserting its right to a federal  registration of the BRANDT mark to an existing registration, the Court finds that it does not have the statutory authority under 15 U.S.C. § 1119 to order the Director of the PTO to dismiss Brandt Industries' opposition and effectively grant PMC's pending trademark application.  *See id.* at 1394 ("[J]urisdiction to determine the controlling issue of priority is not tantamount to jurisdiction to order the PTO to grant or deny pending trademark applications.").  Accordingly, the Court must deny PMC's second motion for reconsideration.

### IV. CONCLUSION

For the reasons set forth above, PMC's Motion for Reconsideration on Summary Judgment (Dkt. 109) and PMC's Motion for Reconsideration on Summary Judgment as to PMC's National Trademark Registration (Dkt. 117) are **DENIED**.

SO ORDERED.      08/29/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daniel T. Earle
SHLESINGER ARKWRIGHT & GARVEY, LLP
danearle@sagllp.com

Heather M. Hawkins
THOMPSON HINE LLP
heather.hawkins@thompsonhine.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

James E. Shlesinger
SHLESINGER ARKWRIGHT & GARVEY, LLP
jim@sagllp.com

Carrie A. Shufflebarger
THOMPSON HINE LLP
Carrie.Shufflebarger@ThompsonHine.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com