**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRANDT INDUSTRIES, LTD., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PITONYAK MACHINERY CORPORATION, )<br>)<br>Defendant. )<br>)<br>_____) <br>)<br>PITONYAK MACHINERY CORPORATION, )<br>)<br>Counter-Plaintiff, )<br>)<br>v. )<br>)<br>BRANDT INDUSTRIES, LTD., and BRANDT )<br>AGRICULTURAL PRODUCTS, LTD., )<br>)<br>Counter-Defendants. ) | CASE NO. 1:10-cv-0857-TWP-DML |

**ENTRY ON PENDING MOTIONS IN *LIMINE***

This matter is before the Court on Plaintiff Brandt Industries, Ltd. ("Brandt Industries"), motion *in limine* (Dkt. 138) and Defendant Pitonyak Machinery Corporation's ("PMC") pending Motions in *Limine* (Dkt 142, 143, 144, 145 and 146). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is

admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.*

**A.      Brandt Industries' Motion in *Limine* (Dkt. 138)**

Brandt Industries argues that PMC has never identified any categories or amounts of monetary damages, or any evidence or documents to support the existence of such damages it claims as a result of Brandt Industries alleged infringement, nor has PNC produced any damages computations or supporting documents for any alleged monetary damages", as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Dkt. 138 at 4.  As such, Brandt Industries moves the Court to exclude Pitonyak Machinery Corporation ("PMC") from making any reference at trial to evidence of its alleged monetary damages.  PMC contends that it should be entitled to present evidence regarding the nature of the harm it suffered when Mr. Pitonyak presented testimony under Rule 30(b)(6) that PMC had suffered damages as a result of its customers being confused.

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), a party is required to disclose to the opposing party "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered…." Fed.R.Civ.P. 26(a)(1)(A)(iii).  Put another way, "[a] party's Rule 26(a)(1)(A)(iii) disclosure must state the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006).  In addition, Rule 26(e) requires a party to "supplement or correct its [Rule 26(a)] disclosure or response…in a timely

manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect…." Fed.R.Civ.P. 26(e)(1)(A).

When a party "fails to provide information or identify a witness as required by Rule 26(a) or (e) the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Further, trial courts are entrusted with broad discretion under Rule 37(c)(1) to determine whether a Rule 26 violation is justified or harmless. *Mid-Amer. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996). The Seventh Circuit has provided a list of factors a district court should consider in exercising this discretion: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

In this case, PMC's Rule 26(a)(1)(A)(iii) disclosure stated that "PMC is currently investigating monetary damages it has suffered…but PMC has no damages computations or supporting documents at this time." Dkt. 138-1 at 4. To this day, PMC has not supplemented its Rule 26(a) disclosures or identified any damage computations or supporting documents following the submission of its initial disclosures. Instead, PMC argues that Brandt adequately received information of its claims of damages during its Rule 30(b)(6) deposition. *See* Dkt. 155 at 1-2. For example, Mr. Pitonyak responded to a question concerning how PMC was harmed, by stating that "[PMC] is losing control of our Brandt Mark in the United States on agricultural equipment. Customers are confused. They don't know which company to go to." Dkt. 138-2 at 182-2 at 182:13-15. Accordingly, PMC argues that this testimony adequately informed Brandt as to the categories of damages it sustained. The Court disagrees.

Failure to disclose a damages computation under Rule 26(a)(1)(A)(iii) cannot be subsequently satisfied by a witness's Rule 30(b)(6) deposition testimony generally discussing damages. *See Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at *5 (E.D.N.C. May 7, 2012). The Court finds *Silicon Knights, Inc. v. Epic Games, Inc.* to be instructive. In *Silicon Knights*, the plaintiff faced a motion to exclude its evidence and arguments related to damages at trial due to its failure to disclose its damage computations pursuant to Rule 26(a)(1)(A)(iii). *Id.* at *1. In response to the motion, plaintiff argued that the defendant received information of its damages during a Rule 30(b)(6) deposition from its former vice president. *Id.* at *5. The Court rejected plaintiff's argument and held that "[Defendant's] ability to depose witnesses who had some knowledge of [Plaintiff's] damages did not satisfy Rule 26(a)(1)(A)(iii). *Id.* Similar to plaintiff in *Silicon Knights*, Mr. Pitonyak's deposition testimony only generally touched on the issue of damages and did not set forth any specific damage computations supported by documentary evidence. In addition, Mr. Pitonyak testified that he did not know what PMC's alleged monetary damages were when acting as the corporation's designated deponent  This type of testimony does not, under the circumstances presented here, satisfy Rule 26(a)(1)(A)(iii). *See Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037, 1047 (D. Kan. 2004) (concluding that under Rule 26 "defendant [was] entitled to specific computation of plaintiff's damages and [was] entitled to…the documents and other evidentiary material on which such computation is based."). Because PMC did not supplement its Rule 26(a)(1)(A)(iii) disclosure pursuant to Rule 26(e), the Court must determine the appropriate remedy under Rule 37.

As discussed previously, Rule 37 gives a court discretion to preclude a party from introducing evidence to establish damages when the party fails to make a Rule 26(a)(1)(A)(iii)

disclosure. Applying the *Caterpillar* factors, PMC's assertion that it may have suffered damages due to Brandt's use of the mark at issue should not come as a complete surprise to Brandt. Here, PMC asserted in its Rule 26 disclosure that it was investigating monetary damages. However, Brandt would not have of been aware of the extent of monetary damages suffered by PMC due to its lack of computation of damages. As such, Brandt has been unfairly prejudiced because it was not reasonably apprised of the extent of PMC's alleged damages. Because the parties are less than three weeks from the start of trial, Brandt would not be in a position to cure this prejudice. Accordingly, Plaintiff's motion in *limine* is granted, and Defendant is precluded from presenting evidence or arguments at trial concerning specific computation of its alleged damages. This ruling, however, does not preclude Defendant from presenting it Rule 30(b)(6) testimony at trial in front of the jury, including Mr. Pitonyak's discussion of harm suffered by PMC.

### B.     Defendant's Motions in *Limine* (Dkt. 142-146)

PMC has filed five motions in *limine*. The first seeks a declaration that PMC has presumptive nationwide trademark rights in the BRANDT mark. Dkt. 142. The second seeks to preclude Brandt Industries from arguing that there is no likelihood of confusion between PMC's and Brandt Industries' use of the BRANDT mark. Dkt. 143. The third seeks to preclude Brandt Industries from asserting a claim for trademark infringement. Dkt. 144. The fourth seeks to preclude Brandt Industries from mentioning or discussing at trial its federal trademark registration. Dkt. 145. The fifth seeks to limit Brandt Industries' testimony regarding advertising expenditures and trade show participation based on Brandt Industries Rule 30(b)(6) deposition. Dkt. 146. Each motion will be addressed in turn.

1. <u>**Presumptive Nationwide Trademark Rights (Dkt. 142)**</u>

Citing to *In re Beatrice Foods Co.*, 429 F.2d 466 (C.C.P.A. 1970), PMC seeks a declaration by the Court that it has presumptive nationwide trademark rights in the BRANDT mark. The declaration PMC seeks, however, is not appropriate for a motion in *limine*. Motions in *limine* perform "a gatekeeping function and permit[] the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Here, PMC is not asking the Court to consider the admissibility of certain evidentiary submissions; rather it appears that PMC is attempting to raise legal theories that have already been considered in a motion for summary judgment as well as in a motion for reconsideration. *See* Dkt. 105 and Dkt. 126. Accordingly, the Court denies PMC's motion in *limine* on this issue.

2. <u>**No Likelihood of Confusion (Dkt. 143)**</u>

PMC argues that Brandt should be precluded from arguing that there is no likelihood of confusion between PMC's and Brandt's use of the BRANDT mark at trial. In particular, PMC emphasizes that Brandt based its opposition of PMC's federal registration application of the mark on the grounds that a likelihood of confusion existed between the parties' use of the mark. Because PMC's federal registration application was subsequently opposed by Brandt at the United States Patent and Trademark Office ("PTO"), it asserts Brandt is judicially estopped from arguing no likelihood of confusion exists at trial. Brandt counters PMC arguments by asserting that it did not concede to the PTO that there is a likelihood of confusion. In addition, it asserts that judicial estoppel is not even applicable with respect to this issue because the Trademark Trial and Appeal Board ("TTAB") has yet to issue a ruling on the merits of Brandt's opposition.

After reviewing the arguments presented by both sides, the Court finds that Brandt is not precluded from litigating the issue of likelihood of confusion at trial in front of the jury. Here, PMC's judicial estoppel argument does not carry the day because it cannot establish a required element of the doctrine—that the TTAB adopted Brandt's position. *See Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 527 (7th Cir. 1999) (stating that one of prerequisites to the application of judicial estoppel is that "the party to be estopped must have convinced the first court to adopt its position"). At Brandt Industries request, the TTAB immediately suspended Brandt Industries' opposition proceeding against PMC, which the TTAB had a right to do in light of the filing of this present civil action. *See* 37 C.F.R. § 2.117(a) ("Whenever it shall come to the attention of the Trademark Trial and Appeal Board that a party or parties to a pending case are engaged in a civil action or another Board proceeding which may have a bearing on the case, proceedings before the Board may be suspended until termination of the civil action or the other Board proceeding."). As such, PMC's argument that Brandt Industries convinced the TTAB of its position on the issue of likelihood of confusion cannot be sustained. Thus, Brandt Industries is not precluded from litigating the issue of likelihood confusion at trial. PMC, of course, is free to present evidence and argument of Brandt Industries inconsistent positions on this issue. Accordingly, PMC's motion in *limine* on this issue is denied.

  **3.**  **Precluding Brandt Industries from Asserting Trademark Infringement (Dkt. 144)**

Next, PMC argues that Brandt Industries should be precluded from asserting trademark infringement against it based on statements made by Mr. Gavin Semple during Brandt's Rule 30(b)(6) deposition. In support of its motion, PMC emphasizes statements made by Mr. Semple indicating that he had no knowledge of harm, actual confusion, or damage being suffered by Brandt Industries due to PMC's use of the BRANDT mark in connection with agricultural

7

equipment. Based from these statements, PMC asserts that Brandt Industries has admitted that it has not been damaged; and therefore, it is without a remedy and must be precluded from raising the issue of trademark infringement at trial. The Court disagrees.

PMC's request to preclude Brandt Industries from raising an infringement claim at this stage in the litigation through a motion in *limine* is inappropriate. *See Jonasson*, 115 F.3d at 440. Furthermore, while "[a] corporation is bound by its Rule 30(b)(6) testimony…this does not mean that the witness has made a judicial admission that formally and finally decides an issue." *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853, at *1 (N.D. Ill. July 19, 2001) (internal quotations and citation omitted). In its Complaint, Brandt Industries has alleged that it has suffered damages due to PMC's use of the BRANDT mark and seeks injunctive relief and, as such, may present evidence at trial in support of its claims. *See* Dkt. 1. For these reasons, PMC's motion in *limine* on this issue is denied.

**4.     Preclude Mention of Brandt's Federal Trademark Registration (Dkt. 145)**

PMC seeks to preclude Brandt from mentioning or discussing at trial its federal trademark registration. In the Entry on Defendant's Motion for Summary Judgment (Dkt. 105), the Court dismissed Brandt Industries' claim alleging infringement of its federally registered trademark in connection with custom manufacture and fabrication of machines and railroad equipment. *See* Dkt. 105 at 18-19. Because the dispute in this present action involves the BRANDT mark in connection with agricultural equipment, the Court finds that references to Brandt's federally registered trademark would likely cause confusion amongst the jury members. Additionally, Brandt has indicated that it has no intention of introducing evidence of its federal trademark registration at trial. Accordingly, PMC's motion in *limine* on this issue is granted, and Brandt is hereby precluded from mentioning or discussing its federal trademark registration.

### 5.      Limit Testimony as to Advertising Expenditures and Trade Show Participation (Dkt. 146)

Lastly, PMC argues that Brandt Industries should be precluded from presenting testimony regarding advertising expenditures and trade show participation based on Brandt Industries Rule 30(b)(6) deposition.  Specifically, it alleges that Brandt Industries' corporate representative, Mr. Semple, was not adequately prepared for his deposition and, as such, provided limited answers to questions concerning Brandt's advertising expenditures and trade show attendance.  *See Canal Barge*, 2001 WL 817853 at *1 (noting that the designated witness of a corporation under Rule 30(b)(6) represents the knowledge and opinions of the business on specific topics and the corporation "must adequately prepare [the] witness[] to address these matters").  A Rule 30(b)(6) deponent's testimony does not represent the knowledge or opinions of the deponent, but that of the business entity. *United States v. Taylor,* 166 F.R.D. 356 at 361. In effect, the deponent is "speaking for the corporation," presenting the corporation's position on the topic. *Id.* The deponent must testify to both the facts within the knowledge of the business entity and the entity's opinions and subjective beliefs, including the entity's interpretation of events and documents. *Id.* Because Mr. Semple represented the knowledge of the corporation, PMC seeks to limit evidence of Brandt's advertising expenditures and trade show attendance to the information and documents referenced by Mr. Semple at Brandt's Rule 30(b)(6) deposition.

In response to PMC's arguments, Brandt claims that Mr. Semple was adequately prepared and consistently referenced documents produced by Brandt during the deposition that indicated its advertising expenditures and trade show participation.  However, it asserts that "PMC's counsel opted to memory test Mr. Semple without the data he provided, making it impossible for Mr. Semple to fully answer PMC's questions on advertising expenditure and tradeshow information."  Dkt. 169 at 4.  In reviewing the designated portions of Mr. Semple's

Rule 30(b)(6) deposition, it appears Mr. Semple did reference documents containing information that were produced by Brandt; however, the manner of questioning by PMC's did not allow him to refer to such documents. "[A] deponent must testify to both the facts within the knowledge of the business entity and the entity's opinions and subjective beliefs, including the entity's interpretation of events and documents." *Canal Barge*, 2001 WL 817853 at *1. Here, it appears that Mr. Semple was not asked or given an opportunity to refer to a number of documents that Brandt Industries produced which would have assisted him in adequately addressing the issues of advertising expenditures and trade show participation. Further, it is unclear to the Court what specific evidence PMC seeks to exclude. As such, the Court will take this motion *in limine* under advisement and counsel should be prepared to further discuss this motion at the final pretrial conference.

**C.  Conclusion**

For the reasons set forth above, Brandt Industries Motion in *Limine* Dkt. 138 and PMC's Motion in *Limine* Dkt. 145 are **GRANTED**, PMC's Motions in *Limine* Dkt. 142, 143, 144 are **DENIED** and PMC's Motion *in Limine* Dkt. 146 is **UNDER ADVISEMENT.**

SO ORDERED.   9/12/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daniel T. Earle
SHLESINGER ARKWRIGHT & GARVEY, LLP
danearle@sagllp.com

Heather M. Hawkins
THOMPSON HINE LLP
heather.hawkins@thompsonhine.com, terri.schaefer@thompsonhine.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com, lori.robertson@btlaw.com, cstamas@btlaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com,tupp@btlaw.com,cstamas@btlaw.com

James E. Shlesinger
SHLESINGER ARKWRIGHT & GARVEY, LLP
jim@sagllp.com,nitasantiago@sagllp.com

Carrie A. Shufflebarger
THOMPSON HINE LLP
Carrie.Shufflebarger@ThompsonHine.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com