**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRANDT INDUSTRIES, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PITONYAK MACHINERY CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ————————————————————) | CASE NO. 1:10-cv-0857-TWP-DML |
| ) | |
| PITONYAK MACHINERY CORPORATION, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRANDT INDUSTRIES, LTD., and BRANDT ) | |
| AGRICULTURAL PRODUCTS, LTD., ) | |
| ) | |
| Counter-Defendants. ) | |

**ENTRY ON RECONSIDERATION OF PMC'S MOTIONS IN *LIMINE*** 

At the final pre-trial conference on September 12, 2012, the Court informed the parties it would review its rulings on certain motions in *limine* filed by Pitonyak Machinery Corporation ("PMC") based on additional arguments posed to the Court during the final pre-trial conference by PMC.  Specifically, the Court informed the parties it would review its rulings with respect to PMC's Motions in *limine* on Presumptive Nationwide Trademark Rights (Dkt. 142), To Preclude Brandt Industries from Denying Likelihood of Confusion (Dkt. 143), and To Preclude Brandt Industries from Asserting Trademark Infringement (Dkt. 144).  Following the pre-trial conference, Brandt Industries, Ltd. and Brandt Agricultural Products, Ltd. ("Brandt Industries")

1

filed Dkt. 177, a motion asking the Court to reconsider its decision to reconsider portions of the Entry on the Pending Motions in *Limine* (Dkt. 174).

With respect to its motion, Brandt Industries argues the Court's decision to review or reconsider PMC's respective motions in *limine* is an error. *See Nerds on Call, Inc. (Ind). v. Nerds on Call, Inc. (Cal.)*, 598 F. Supp. 2d 913, 916 (S.D. Ind. 2008) ("[A] court will entertain a motion for reconsideration only "when the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not reasoning), where a significant change in the law occurred, or where a significant new facts have been discovered."). In support of its motion, Brandt Industries argues that the Court's reconsideration of PMC's motions is inappropriate in this circumstance because PMC is attempting to restate arguments considered by the Court on a motion for summary judgment that were subsequently denied. *See BLB Aviation S. Carolina, LLC v. Jet Linx Aviation, LLC*, No. 8:10CV42, 2012 WL 297102, at *4 (D. Neb. Feb. 1, 2012) ("The court will not make a determination about the legal sufficiency of the plaintiff's claims, particularly when summary judgment was denied, in the context of a motion in *limine*."). PMC contends these arguments "are ripe for consideration…because their resolution will directly impact how the trial proceeds, including the mode and presentation of evidence." Dkt. 181 at 2. After reviewing the parties' arguments, the Court concludes that reconsideration of PMC's motions in *limine* at this stage of litigation is not inappropriate. *See United States v. Boyce*, 2011, WL 5078186, at *1 (N.D. Ill. Oct. 26, 2011) (stating that while "motions in *limine* typically address evidentiary matters, they may also relate to other matters, such as affirmative defenses and proper lines of inquiry at trial."). Accordingly, Brandt Industries' motion for the Court to

reconsider its decision to review portions of the entry reconsideration (Dkt. 177) is denied. The Court will address the relevant motions in *limine* below.

### A.  PMC's Motions in *Limine*

#### 1.  Presumptive Nationwide Trademark Rights (Dkt. 142)

In this motion in *limine*, PMC seeks a declaration from the Court that is has presumptive nationwide trademark rights in the BRANDT mark in connection with agricultural equipment as of December 4, 2002, the date it applied for the federal registration of the mark. In support of its argument, PMC relies on a decision by the Court of Custom and Patent Appeals in *In re Beatrice Foods Co.*, 429 F.2d 466 (C.C.P.A. 1970). In *In re Beatrice*, Beatrice Foods Company ("Beatrice"), a manufacturer and processor of food products, used the HOMESTEAD mark on oleomargarine since 1953 in 23 states prior to a hearing in front of the Trademark Trial and Appeal Board ("TTAB"). *Id.* at 470. Subsequently, a junior user appeared in the form of Fairway Foods, Inc. ("Fairway"), who used the same mark in five states for dairy products including butter since 1956. *Id.* at 469. In 1962, Fairway filed for a trademark application over the HOMESTEAD mark for dairy products, which was opposed by Beatrice. *Id.* at 470. Shortly thereafter, Beatrice filed for a trademark application of the mark and a concurrent use proceeding was initiated. *Id.* Pursuant to an agreement between the parties, Fairway restricted its application to a five-state area, while Beatrice claimed the remaining areas of the United States. *Id.* The TTAB rejected the agreement between the parties, and Beatrice appealed the TTAB's decision refusing to permit its registration to cover portions of the United States outside the territories identified by Fairway and areas of actual use demonstrated by Beatrice. *Id.* at 472. In reversing the TTAB's decision, the Court of Custom and Patent Appeals stated:

> [T]he starting point for any determination as to the extent to which the registrations are to be territorially restricted should be the conclusion that the prior

> use is prima facie entitled to a registration covering the entire United States. Such a prior user, who applies for a registration before registration is granted to another party, is entitled to a registration having nationwide effect no less than if there were no concurrent user having registrable rights. His rights and, therefore, his registration, should be limited only to the extent that any other subsequent user, who can establish the existence of rights earlier than the prior user's application for registration, can also prove a likelihood of confusion, mistake or deception.

*Id.* at 474.

Based on the Court of Custom and Patent Appeals' finding, PMC argues that it is entitled to a declaration of a presumptive nationwide trademark rights as of December 4, 2002. While the Court recognizes that December 4, 2002 is a critical date in this litigation (application date for PMC's federal trademark registration), PMC has not presented the Court with any citation to other district court decisions, where district courts have issued a similar declaration in the absence of a federal registration. Moreover, the Court, in conducting its own research, has not found similar on-point authority. Importantly, the Court of Custom and Patent Appeals in a subsequent opinion to *In re Beatrice* cast doubt on the mechanical approach taken in *In re Beatrice* to always defer to the first to register. *See Weiner King, Inc. v. Wiener King Corp.*, 615 F.2d 512, 525 (C.C.P.A. 1980) ("[W]e do not believe that a mechanical approach which always defers to the first to register comprehends all of the factors which must be taken into account….The problems of concurrent use issues must ultimately be solved by a comprehensive factual analysis…."); *see also Holiday Inn v. Holiday Inns, Inc.*, 534 F.2d 312, 317 (C.C.P.A. 1976) (distinguishing *In re Beatrice* from the facts of its case which involved judicial determination of the parties respective rights in a mark with respect to a concurrent use proceeding). Here, unlike in *In re Beatrice*, the parties are involved in a trademark infringement action and have not stipulated to an agreement purporting to contain their concurrent use rights with regards to the mark at issue. Given the lack of on-point authority on this issue and the

4

distinguishing facts between this case and *In re Beatrice*, the Court denies PMC's motion in *limine* (Dkt. 142) on this base.

### 2. Preclude Brandt Industries from Denying Likelihood of Confusion (Dkt. 143)

Next, PMC seeks to exclude Brandt Industries from introducing evidence or presenting argument that there is no likelihood of confusion based on its judicial admission in its complaint. Specifically, PMC contends that Brandt Industries, in its complaint, alleges likelihood of confusion against PMC's use of the BRANDT mark, and as such, it asserts that this allegation is a binding admission by Brandt Industries. *See* Dkt. 1 at 12, ¶ 72; *see also Johnson v. Anderson*, No. 1:05-CV-0421, 2006 WL 2524125, at *3 (S.D. Ind. Aug. 29, 2006) (citing *Keller v. United States*, 58 F.3d 1194, 1998 n.8 (7th Cir. 1995) (stating that "a statement incorporated into the complaint is a binding judicial admission"). In response, Brandt Industries claims that they did in fact plead in the alternative in their Answer to PMC's counterclaims denying PMC's claim for likelihood of confusion. *See* Dkt. 28 at 10, 11, 13. While Brandt industries did not say the words such as "in the alternative" or "even if," magic words are not required to take advantage of utilizing Rule 8 of the Federal Rules of Civil Procedure, which specifically authorizes alternative, hypothetical and\or inconsistent pleading. *See Slate Printing Co. v. Metro Envelope Co.*, 532 F. Supp. 431, 436 (N.D. Ill. 1982) ("And there is no magic, as Metro would have it, in a party's having to label its inconsistent pleadings "alternative" or "hypothetical" to invoke the principle underlying the Rule."). Here, Brandt Industries has pleaded in the alternative concerning the issue of likelihood of confusion, and as such, its statement in the complaint cannot be used as a judicial admission. *See id.* Accordingly, PMC's motion on this issue is denied.

### 3. <u>Motion on Brandt Industries' Trademark Infringement Claim (DKt. 144)</u>

At the final pre-trial conference, the Court informed the parties it would review its ruling on PMC's motion to preclude Brandt Industries from asserting its trademark infringement claim. With respect to this motion, PMC contends that Brandt Industries should be precluded from presenting evidence or raising arguments related to its trademark infringement claim when Brandt Industries conceded in its Rule 30(b)(6) deposition that it had suffered no harm as a result of PMC's use of the BRANDT mark. At the final pre-trial conference, counsel for Brandt Industries indicated that Mr. Gavin Semple, Brandt Industries' Rule 30(b)(6) corporate representative, testified "that it does damage him if [PMC is] trading on his reputation and his name and his goodwill." Dkt. 180 at 56.  In light of this statement by counsel, the Court requested that Brandt Industries' counsel provide specific designated portions of the Rule 30(b)(6) deposition that purport to discuss the damages the company allegedly suffers.

Pursuant to the Court's request, Brandt Industries provided the designated portions of is Rule 30(b)(6) deposition testimony to the Court. *See* Dkt. 182.   After reviewing the designated portions of its testimony, the Court finds that Brandt Industries has not alleged that it has suffered harm to its reputation, goodwill, or name as a result of PMC's use of the mark.  *See* Dkt. 182 at 2 (listing designated portions provided by Brandt Industries' counsel).  As PMC has emphasized in its briefing on this issue, any discussion of harm cited in Brandt Industries' designated portions of its testimony only related to the effect of it not being able to the use the BRANDT mark, not PMC's use of the mark.  Moreover, Brandt Industries in its deposition testimony acknowledged that it "[had not] heard of any instances of confusion" concerning distributors selling Pitonyak products right next door to one of its distributors.  Dkt. 182-1 at 59:17-18.  And, when asked by PMC's counsel as to whether "Pitonyak or its predecessor

companies caused any harm whatsoever to any Brandt company]," Brandt Industries' corporate representative responded by saying "I don't know." Dkt. 144-2 at 349:2-5.  Finally, Brandt Industries indicated that it would not be hurt even when "Pitonyak could be selling right next door to one of [Brandt Industries'] dealers." Dkt. 182-1 at 60:2-9.

Under Rule 30(b)(6), Mr. Semple was speaking for the corporation and presenting the corporation's position on relevant issues specified by PMC, including harm and potential harm. *See Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000). Given Brandt Industries' statements in its deposition testimony, it has not provided sufficient testimony identifying any harm it has suffered based on PMC's use of the mark.  As such, Brandt Industries cannot maintain its common law trademark infringement claim against PMC.  Therefore, Brandt Industries is precluded from presenting evidence or raising arguments related to its trademark infringement claim against PMC.  Accordingly, PMC's motion in *limine* (Dkt. 144) is granted on this issue.

### B.  Order of Proof

In light of the Court's ruling that Brandt Industries may not present evidence or argument related to its trademark infringement claim, the Court will sustain PMC's objections to Proposed Preliminary Instruction No. 14 (Dkt. 150) regarding the order of proof.  PMC contends that because it is the party bearing the burden of proof on trademark infringement it is entitled to present its case first, followed by Brandt Industries defenses, concluding with rebuttal from PMC. The Court agrees that it would be illogical and would complicate this already complicated case if Brandt Industries were to present its defenses first. As such, the parties are to be realigned where PMC will present its case first to jury, followed by Brandt Industries, and then conclude with rebuttal from PMC. The parties' designations will remain the same.

The Court acknowledges Brandt Industries' argument that it would suffer undue hardship should the Court upset the order of proof on the eve of trial as this action has been pending for over two years, and PMC raised the order of proof issue for the first time not in a motion for realignment, but in a footnote to proposed jury instructions submitted on September 7, 2012. Accordingly, the Court will allow Brandt Industries to call some witnesses out of order, if necessary, so that a witness who would otherwise be unavailable due to the change in order can be allowed to offer testimony. Additionally, Brandt Industries expressed concern that Monday October 8, 2012 is a Canadian statutory holiday. Monday October 8, 2012 is also a federal holiday; therefore, the Court will not conduct proceedings on that date.

### C. Conclusion

For the reasons set forth above, Brandt Industries' Motion for Reconsideration of the Court's Decision to Reconsider Portions of the September 14, 2012 Entry (Dkt. 177) is **DENIED**. With regards to PMC's Motions in *Limine*, PMC's Motion in *Limine* (Dkt. 144) is **GRANTED**, but PMC's Motions in *Limine* (Dkt. 142) and (Dkt. 143) are **DENIED**.

SO ORDERED    09/24/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

Daniel T. Earle
SHLESINGER ARKWRIGHT & GARVEY, LLP
danearle@sagllp.com

Heather M. Hawkins
THOMPSON HINE LLP
heather.hawkins@thompsonhine.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

James E. Shlesinger
SHLESINGER ARKWRIGHT & GARVEY, LLP
jim@sagllp.com

Carrie A. Shufflebarger
THOMPSON HINE LLP
Carrie.Shufflebarger@ThompsonHine.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com