**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRANDT INDUSTRIES, LTD., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PITONYAK MACHINERY CORPORATION, )<br>)<br>Defendant. )<br>)<br>_____ )<br>)<br>PITONYAK MACHINERY CORPORATION, )<br>)<br>Counter-Plaintiff, )<br>)<br>v. )<br>)<br>BRANDT INDUSTRIES, LTD., and BRANDT )<br>AGRICULTURAL PRODUCTS, LTD., )<br>)<br>Counter-Defendants. ) | CASE NO. 1:10-cv-0857-TWP-DML |

**ENTRY ON PLAINTIFF'S PENDING TRIAL OBJECTIONS**

This matter is before the Court on Brandt Industries, Ltd.'s ("Brandt Industries") objections to Pitonyak Machinery Corporation's ("PMC") trial exhibits, deposition designations, and witness testimony. The Court will address each objection in turn.

1. **Motion for a Ruling on Objection to PMC's Introduction of John Henry Brandt (Dkt. 156)**

Brandt Industries seeks to exclude the introduction of the trial testimony of John Henry Brandt taken on January 27, 2009 during the Trademark Trial and Appeal Board Opposition No. 91171967. At the final pretrial conference, both sides were given an opportunity to present arguments on this issue, and the Court made an oral ruling on this motion. *See* Dkt. 178 at 3.

Brandt Industries argues John Henry Brandt's testimony would be irrelevant and inadmissible hearsay. PMC argues the deposition testimony is relevant as to the history of the BRANDT mark and background of the company and that because of his age (94) and out of state residency, Mr. Brandt will not be available to give live testimony. The Court overrules Brandt Industries objection, finding the proffered testimony would be relevant.  Brandt Industries may also designate any portions of the deposition so that it may be read in its entirety. As such, PMC is allowed to offer John Henry Brandt's deposition testimony taken on January 27, 2009. Accordingly, Brandt Industries' objection is overruled, and its motion (Dkt. 156) is **DENIED**.

2. **Motion for Ruling on Brandt Industries' Objection to PMC's Introduction of Exhibits from USPTO (Dkt. 157)**

Brandt Industries argues that certain documents from the prior Trademark Trial and Appeal Board proceeding should be excluded because the documents are irrelevant to the issues to be tried at trial pursuant to Federal Rules of Evidence 401.  Specifically, Brandt Industries cites to 43 separate documents from the United States Patent and Trademark Office ("PTO"). Rule 401 defines relevant evidence as evidence having "any tendency to make a fact more or less probable than it would be without the evidence" and where "the fact is of consequence in determining the action." Fed.R.Evid. 401.  Moreover, "the threshold for relevance under Rule 401 is quite low." *United States v. Boros*, 668 F.3d 901, 903 (7th Cir. 2012).  Here, the documents from the PTO are relevant to PMC's defense regarding Brandt Industries' laches claim to potentially negate the issue of undue delay.  Accordingly, Brandt Industries' objection is overruled, and its motion (Dkt. 157) is **DENIED**.

3. **Motion of Brandt Industries for a Ruling on Its Objections to Exhibits Containing Hearsay (Dkt. 158)**

Brandt Industries objects to the introduction of exhibits containing summaries of telephone calls that PMC personnel, Tonya Sue Vent Baker, allegedly received. At the final pretrial conference, the parties presented arguments to the Court relating to this motion, and the Court overruled Brandt Industries' objection. *See* Dkt. 178 at 2. PMC argues the documents are not offered for the truth of the matter, but to show state of mind, that is confusion of the caller, and Ms. Baker will be available for cross-examination. Accordingly, the Brandt Industries' motion (Dkt. 158) is **DENIED** pursuant to the Court's ruling at the final pretrial conference.

4. **Motion of Brandt Industries for a Ruling on Its Objections to Redacted Exhibits Designated by PMC (Dkt. 159)**

Brandt Industries seeks a ruling from the Court with respect to its objections to redacted exhibits designated by PMC. Specifically, Brandt Industries argues that communications sent to its counsel by PMC as evidence of alleged confusion by consumers regarding the BRANDT mark constituted privileged information. Because the communications were privileged, Brandt Industries contends that PMC's voluntary disclosure of the privileged communications "constitutes a waiver of privilege as to those communications, which [PMC] now seek[s] to introduce at trial, in addition to a waiver of privilege as to documents or information on the same subject matter." Dkt. 159 at 3-4; *see Fort James Corp. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005) ("The widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter."). PMC asserts that no waiver of privilege has occurred because the unredacted portions of the documents disclosed to Brandt Industries were non-privileged portions, while the redacted portions were privileged or subject to work product protection. *See* Dkt. 184 at 3.

The Court concludes that there was no disclosure of privileged communication necessary to constitute waiver. For the attorney-client privilege to attach to a document or communication, the Seventh Circuit articulated that the "communication contained therein must have been made in confidence, in connection with the provision of legal services to an attorney, and in the context of an attorney-client relationship." *Shaffer v. Amer. Med. Ass'n*, 662 F.3d 439, 446 (7th Cir. 2011). Moreover, the privilege is construed narrowly, and the party seeking to invoke the privilege has the burden to establish it applies. *Id.* Here, PMC's counsel communicated with Brandt Industries' counsel that it was willing to disclose partially redacted email communications from their client, Eddie Pitonyak, discussing facts related to the issue of confusion as long as the disclosure was not deemed to be a waiver of privilege. Dkt. 184 at 3. In an email between counsel, Brandt Industries' counsel appeared to be in agreement with PMC by stating, "I will, however, agree that your production of any of this information in redacted or unredacted form does not waive your assertion of privilege." Dkt. 159-2 at 3. Brandt Industries cannot argue now that the disclosure of partially redacted emails by PMC was a voluntary disclosure of attorney-client privilege, when it agreed that any disclosure on PMC's part would not constitute a waiver of privilege. Additionally, Brandt Industries has not established that the unredacted, disclosed portions of the emails it received from PMC were subject to the attorney-client privilege. Accordingly, Brandt Industries' objection is overruled, and its motion (Dkt. 159) is **DENIED**.

5. **Motion of Brandt Industries for a Ruling on Its Objection to PMC's Designation of the Donald Gavin Semple Deposition (Dkt. 161)**

Brandt Industries seeks an order from the Court to prohibit PMC from playing portions of Donald Gavin Semple's deposition into evidence at trial as Mr. Semple will be available to testify, if called by PMC. At the final pretrial conference, both parties presented arguments

relating to this motion and the Court overruled Brandt Industries' objection. *See* Dkt. 178 at 2. Pursuant to the Court's ruling at the final pretrial conference, PMC is permitted to play within the Court's discretion, brief portions of Mr. Semple's deposition for impeachment or demonstrative purposes. Accordingly, the Brandt Industries' objection is overruled, and its motion (Dkt. 161) is **DENIED**.

6. **Motion of Brandt Industries for a Ruling on Its Objections to PMC's Designation of the Lynn Ziegler Deposition (Dkt. 166)**

In this motion, Brandt Industries objects to portions of Lynn Ziegler's deposition testimony designated by PMC on the basis of Federal Rule of Evidence 602. Specifically, Brandt Industries argues that Mr. Ziegler did not have the personal knowledge or foundation to testify in response to a question posed by PMC's counsel regarding a hypothetical situation. Brandt Industries objects to the following portions of Mr. Ziegler's deposition testimony: Page 68, line 21 - Page 69, line 7 and Page 69, line 22 - page 70, line 2. PMC did not respond to Brandt Industries' objection. Upon review of the two designated portions, the Court concludes that Mr. Ziegler lacks personal knowledge to testify regarding the matter at issue in the above mentioned designated portions. Accordingly, Brandt Industries' objection is sustained, and the Court **GRANTS** Brandt Industries' motion (Dkt. 166).

7. **Motion on Brandt Industries for a Ruling on Its Objections to PMC's Designation of the Tonya Sue Vent Baker Deposition (Dkt. 168)**

Brandt Industries objects to PMC's designated portions of Ms. Baker's deposition testimony on the grounds they contain inadmissible hearsay under Rule 802, are based on notes that were subsequently destroyed, and that she lacks personal knowledge required by Rule 602 to testify regarding alleged damages. PMC did not respond to this motion. Specifically, Brandt Industries contends that Ms. Baker's testimony regarding phone calls she received indicating

consumer confusion between PMC's and Brandt Industries' products is inadmissible hearsay under Rule 802. *See* Dkt. 168 at 3 (designated portions 1 through 12). The Court disagrees. Ms. Baker's testimony regarding phone calls from consumers relating to confusion is not hearsay because it is not being offered for the truth of the matter asserted. *See Medic Alert Found. U.S., Inc. v. Corel Corp.*, 43 F. Supp. 2d 933, 942 n.2 (N.D. Ill. 1999) (citing *Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250, 1260 (7th Cir. 1995) ("[E]vidence of the calls and letters is not hearsay, as it is being offered not for the truth, but to show that customers were confused.")). Finally, with respect to the remaining objections to PMC's designated portions of Ms. Baker's testimony (*see* Dkt. 168 at 3 numbers 13 and 14) regarding damages, the Court concludes that Ms. Baker lacks personal knowledge required by Rule 602 to testify on the topic of damages. Accordingly, Brandt Industries' motion on its objection (Dkt. 168) is **GRANTED** with respect to Ms. Baker's testimony on the issue of damages, but **DENIED** with respect to Ms. Baker's testimony regarding consumer confusion.

8. **Motion of Brandt Industries for a Ruling on Its Objections to Portions of the James Burks Deposition Designation (Dkt. 170)**

Brandt Industries objects to two designated portions of James Burks' deposition testimony. Specifically, Brandt Industries objects to the first designated portion of Mr. Burks' deposition testimony on the basis that it constitutes inadmissible hearsay under Rule 802. In addition, Brandt Industries also objects to a second designated portion of Mr. Burks' testimony, as indicated in its motion, on the basis that it is irrelevant evidence and thus inadmissible under Rule 402. PMC did not respond to this motion. Upon review of the two designated portions, the Court concludes that the first portion is inadmissible hearsay, and the second designated portion is not relevant evidence. Accordingly, Brandt Industries' objection is sustained, and the Court **GRANTS** Brandt Industries' motion (Dkt. 170).

9. **Motion of Brandt Industries for a Ruling on Its Objections to Portions of the Venus Brandt Deposition Designated by PMC (Dkt. 171)**

Brandt Industries objects to five designated portions of Venus Brandt's deposition testimony. Specifically, Brandt Industries argues three of the designated portions of Ms. Brandt's testimony by PMC constitute inadmissible hearsay. In addition, Brandt Industries argues the remaining two designated portions are not based on the personal knowledge of Ms. Brandt as required by Rule 602. *See* Dkt. 171 at 3-4. PMC did not respond to this motion. Upon review of the five designated portions objected to by Brandt Industries, the Court concludes that first, third, and fourth designated portions, as indicated in the motion, contain inadmissible hearsay. In addition, Ms. Brandt admits that she does not have personal knowledge to testify on the issues discussed in the second and fifth designated portions identified in the motion. Accordingly, Brandt Industries' objection is sustained, and the Court **GRANTS** Brandt Industries' motion (Dkt. 171).

## CONCLUSION

For the reasons set forth above, Brandt Industries' Objections in Dkt. 156, Dkt. 157, Dkt. 158, Dkt. 159, and Dkt. 161 are overruled and the motions **DENIED**. Brandt Industries' Objections in Dkt. 166, Dkt. 170 and Dkt. 171 are sustained and the motions **GRANTED**. Brandt Industries' Objections in Dkt. 168 is **GRANTED** with respect to Ms. Baker's testimony on the issue of damages, but **DENIED** with respect to her testimony regarding consumer confusion.

SO ORDERED.   09/26/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daniel T. Earle
SHELSINGER ARKWRIGHT & GARVEY, LLP
danearle@sagllp.com

Heather M. Hawkins
THOMPSON HINE LLP
heather.hawkins@thompsonhine.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

James E. Shlesinger
SHLESINGER ARKWRIGHT & GARVEY, LLP
jim@sagllp.com

Carrie A. Shufflebarger
THOMPSON HINE LLP
carrie.shufflebarger@thompsonhine.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com