**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRANDT INDUSTRIES, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PITONYAK MACHINERY CORPORATION, ) <br> ) <br> Defendant. ) <br> ) <br> _____) <br> ) <br> PITONYAK MACHINERY CORPORATION, ) <br> ) <br> Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRANDT INDUSTRIES, LTD., and BRANDT ) <br> AGRICULTURAL PRODUCTS, LTD., ) <br> ) <br> Counter-Defendants. ) | CASE NO. 1:10-cv-0857-TWP-DML |

**ENTRY ON DEFENDANT'S MOTION FOR EVIDENTIARY RULING**

At the final pretrial conference, Pitonyak Machinery Corporation ("PMC") sought an evidentiary ruling from the Court in order to clarify certain portions of the Court's Entry on Plaintiff's Partial Summary Judgment Motion (Dkt. 125). Specifically, PMC requested to know when Brandt Industries, Ltd. ("Brandt Industries") established its common law trademark rights in five specific states as well as the effect that PMC's application date of its federal trademark registration (December 4, 2002) has in this litigation. The Court hereby **GRANTS** PMC's motion for evidentiary ruling (Dkt. 186).

As an initial matter, PMC contends Brandt Industries has not sufficiently demonstrated that it is entitled to statewide market use in the five specific states in which the Court granted

1

partial summary judgment in favor of Brandt Industries on the issue of priority. The Court disagrees with PMC's assertion and stands by its decision granting partial summary judgment to Brandt Industries. Brandt Industries set forth sufficient evidence of its use of the BRANDT mark in the five states indicated in the Court's Entry (Dkt. 125) to demonstrate that it has achieved market penetration on a statewide basis. *See Lucent Info. Mgmt., Inc. v. Lucent Techs., Inc.*, 186 F.3d 311, 316-17 (3d Cir. 1999) (applying the *Natural Footwear* factors in determining whether the party achieved market penetration). With respect to the dates of when Brandt Industries established its statewide market penetration in North Dakota, Iowa, Montana, Minnesota, and Nebraska, the Courts finds they are as follows: North Dakota (1979), Iowa (1979), Montana (1980), Minnesota (1982), and Nebraska (1987).

Lastly, PMC contends that Brandt Industries should be precluded from presenting evidence regarding expansion of or asserting territorial expansion of its common law rights regarding the BRANDT mark in good faith into geographical areas after December 4, 2002, PMC's application date for its federal registration. PMC argues that Brandt Industries' common law rights are frozen as of December 4, 2002 because it could no longer claim in good faith that it was not aware of PMC's use of the mark after that date. *See Money Store v. Harriscorp Fin., Inc.*, 689 F.2d 666, 674-75 (7th Cir. 1982) ("A good faith junior user is one who begins using a mark with no knowledge that someone else is already using it."); *see also A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 295 n.4 (3d Cir. 1986) ("[T]he senior user's use of a mark in one region would not suffice to prevent a junior user from using the same mark in a region where the senior user's goods were unknown so long as the junior user adopted the mark without knowledge of the senior user's mark and thus in good faith."). Brandt Industries responds by

arguing that the December 4, 2002 date is irrelevant and the filing date of PMC's trademark application would only be relevant if PMC was the owner of a federal registration. Dkt. 191 at 3.

Brandt Industries is correct that the nationwide effect regarding the constructive use as of the date of application of the mark under §7(c) of the Lanham Act is contingent on the registration of a mark on the principal register. *See* 15 U.S.C. § 1057(c). However, "the junior users knowledge of the senior user's mark at the critical date is sufficient to destroy the 'good faith' element of the territorial defense, [thus]…[t]here is no 'good faith' if the junior user subjectively knew of the senior user's mark." 5 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 26:9 (4th ed. 2012). Here, Brandt Industries indicated that after applying for federal registration of the BRANDT mark, it received a demand letter from PMC objecting to its application. Dkt. 68 at 6-7. Two days later, on December 4, 2002, PMC filed its own application to register the Brandt mark in connection with agricultural equipment. Dkt. 68-10. As such, Brandt Industries had actual knowledge of PMC's use of the mark by December 4, 2002 when PMC filed its application for a federal trademark registration. Accordingly, the Court concludes that Brandt Industries' geographical expansion of its common law rights is frozen as of December 4, 2002. *See Enter. Rent-A-Car Co. v. Advantage Rent-A-Car, Inc.*, 330 F.3d 1333, 1342 (Fed. Cir. 2003) (stating that the junior user is in effect frozen in its area of prior use). Therefore, the Court **GRANTS** PMC's motion in *limine* (Dkt. 201), and Brandt Industries is precluded from asserting or introducing evidence of geographical expansion of its common law use rights after December 4, 2002.

SO ORDERED.  09/26/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

Copies to:

Daniel T. Earle
SHLESINGER ARKWRIGHT & GARVEY, LLP
danearle@sagllp.com

Heather M. Hawkins
THOMPSON HINE LLP
heather.hawkins@thompsonhine.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Thomas M. Landrigan
BARNES & THORNBURG LLP
tlandrigan@btlaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

James E. Shlesinger
SHLESINGER ARKWRIGHT & GARVEY, LLP
jim@sagllp.com

Carrie A. Shufflebarger
THOMPSON HINE LLP
Carrie.Shufflebarger@ThompsonHine.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com